[No. 12. Second Appellate District.—October 2, 1905.]

W. J. COX, Respondent, v. J. H. ODELL, Appellant.

Action for Negligence—Obstruction to Surface Water—Breakage —Injury to Plaintiff's Land—Support of Findings.—In an action for negligence in maintaining an embankment on defendant's land to impound water for irrigation, thus stopping surface water, which would naturally flow over plaintiff's land without injury, a breakage of which was caused by storm water, causing injury to plaintiff's land, where the court found for plaintiff and that good husbandry did not require that the embankment be maintained, and the evidence, though conflicting, was sufficient to support the findings, they will not be disturbed upon appeal.

Id.—Flow of Surface Water—Laws of Nature.—In the case of surface waters having no definite channel of escape, the owner of the land upon which they are found being impotent to rid himself of their presence, the law wisely provides that the laws of nature should be left untrammeled in their disposition.

Id.—Object of Embankment—Neglect in Construction—Liability of Defendant.—Whatever proper object the defendant may have had in the embankment, or right to construct it, where it was so negligently constructed as not to provide outlets for storm water, and such neglect was the proximate cause of the injury, the defendant is liable therefor.

Id.—Opinion Evidence—Basis Shown.—Assuming an objection to the opinion evidence of the plaintiff, as to the effect of an outlet for water in a certain end of the embankment, was well taken, yet where the answer contained a statement of the physical conditions surrounding the premises, on which the opinion was based, it relieved itself from the force of the objection.

Id.—Obstructions Contributing to Overflow—Issue as to Damages—Evidence without Prejudice.—Evidence as to obstructions contributing to the overflow, which were not within the issue as to damages, was without prejudice where no obstruction but the embankment itself was considered on the question of damages.

Id.—Measure of Damages—Costs Necessary to Put Land in Repair.—The cost and expense of restoring the land to its former condition, and the loss sustained from being deprived of its use, were the measure of damages; and it was erroneous to admit evidence as to the costs necessary to put the land in repair. The rule of difference in market value is not invariably applied.

Id.—Mistaken Description in Complaint and Findings—Averment of True Position Admitted.—Where there was a mistaken description of the land in the complaint as to legal subdivisions, as well as in the finding, which would indicate an incorrect position of the lands, yet where their true position is shown by an averment in the complaint, admitted by the answer, no finding is necessary in that regard, and the erroneous particular description may be ignored.

Id.—Ineffectual Appeal from Judgment—Dismissal.—Where an attempted appeal from the judgment was not perfected until after the lapse of one year from the rendition of the judgment, it is ineffectual and must be dismissed.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. J. S. Noyes, Judge presiding.

The facts are stated in the opinion of the court.

Earl Rogers, and H. C. Gooding, for Appellant.

John E. Daly, and E. W. Freeman, for Respondent.

ALLEN, J.—Appeal from an order denying defendant's motion for a new trial. The record discloses an attempt at appeal from the judgment, but inasmuch as the same was not perfected until after the lapse of one year from the rendition of judgment, the same is ineffectual and must be dismissed. Entertaining the views hereafter expressed, we may disregard the motion to dismiss the appeal from the order

The only points in the record in this case here presented are that the evidence is not sufficient to justify the findings, and that errors of law warranting reversal of the order occurred at the trial.

As to the first point, while there is a conflict in many respects, there is evidence sufficient to support the findings. The findings and the evidence develop that the defendant's land adjoins the land of plaintiff on the east and is of a higher elevation than the land of plaintiff, and the water coming to said lands during rains flowed naturally westward in no definite channel, but widely and evenly diffused over the whole surface and doing no damage to plaintiff's land. The defendant, along his west line, being the dividing-line between the lands of plaintiff and defendant, constructed an embankment for use in the irrigating season, by which he could accumulate and retain the surplus irrigating water the better to utilize it in the irrigation of the trees growing upon the lower part of his premises. This embankment was permitted to remain during the entire irrigating season, and until, from heavy rains in November, 1902, large bodies of water fell upon defendant's lands and the lands above; that by reason of such embankment, the waters gathered upon the lands of defendant beyond the capacity of said embankment to hold, and the embankment broke away and the waters in separate channels were thrown upon plaintiff's land, tearing deep gullies therein, carrying off large bodies of soil and, in addition, certain fertilizers theretofore placed thereon. The court further finds that good husbandry did not require that said embankment be maintained; that said waters so accumulating were not the result of unprecedented storm, nor were the said rains of November, 1902, of an unusual character.

During the progress of the trial the court permitted the plaintiff to state his opinion as to whether such water would have been carried off had an outlet been made in the south end of the embankment. Assuming the objection of defendant to this evidence as well taken, and the opinion unwarranted, yet an examination of the whole answer shows that it contained a statement of the physical conditions surrounding the premises, upon which such opinion was based. The answer relieved itself from the force of the objection. (*People* v. *Wynn,* 133 Cal. 72, [65 Pac. 126].)

It is contended further that the court upon the trial erred in its admission of testimony in relation to certain obstructions existing on the north side of the street which contributed to the overflow on plaintiff's land. While under the pleadings it was not competent to show damages, other than those resulting from the obstruction complained of and specifically set forth, yet the court, by its finding, demonstrates that no obstructions other than the embankment were considered; and no prejudice, therefore, resulted from the introduction of such testimony.

We perceive no error in the admission of testimony as to the costs necessary to put the land in repair. In the similar case of *Sabine etc. Ry. Co.* v. *Joachimi,* 58 Tex. 456, it was held that the cost and expense of restoring the land to its former condition, and the loss sustained by being deprived of its use, constituted the measure of damages. While, as a general rule, the damages are to be measured by the difference in the market value before and after the injury, yet it is not invariably applied. It might prove oppressive. (Shearman & Redfield on Negligence, sec. 602.)

The principal contention of the appellant is that the evidence is insufficient to justify the decision, on the theory that the defendant in the construction of the embankment was but exercising rights and performing acts demanded by good husbandry in and about the cultivation of his own lands; that the embankment was not constructed for the purpose of diverting surface water, the result of rainfall, and that the proximate cause of the injury was an unprecedented and unlooked-for rain, which occurred before defendant had an opportunity to remove the embankment. As to all of these matters, other than the object of the original construction of the embankment and the time afforded to remove the same, the court has found against the defendant. Whatever may have been the moving purpose in constructing the embankment, or its maintenance, the effect was, in the event of heavy rainfall, to accumulate the water upon defendant's land; and should the embankment prove insecure and breaks occur therein, to cast the same in restricted areas across plaintiff's land, thereby working injury. In the case of surface waters having no definite channel of escape, and the owner of the land upon which they are found being impotent to rid

himself of their presence, the law wisely provides that the laws of nature should be left untrammeled in their disposition. (*Rudel* v. *Los Angeles County*, 118 Cal. 288, [50 Pac. 400]; *Ogburn* v. *Connor*, 46 Cal. 352, [13 Am. Rep. 213].) While it is true that one may occupy, use, and possess his own in a manner agreeable to himself, yet in the exercise of this right he may not do injury to his neighbor. The defendant possessed the right to construct this embankment, but in its construction he was bound to consider its effect upon his neighbor's land, in the event of heavy rains, which, from the testimony appear to be not infrequent in that locality. It is clear from the findings and from the testimony that he did not exercise the degree of care which was incumbent upon him in the maintenance of the embankment, either in its strength or providing outlets in the event of storm. Had proper outlets been provided, it is apparent that the time afforded to remove the embankment between the last irrigation and the commencement of the rains would not have been material. His neglect in regard to the manner of construction and failure to provide outlet for the water was the proximate cause of plaintiff's injury. Defendant, however, contends that the complaint being on account of negligence, and the findings being in line therewith, under the facts of the case the action was not one on account of negligence, but the act itself gave rise to the cause of action. And an effort is made to distinguish as between cases where the act is the basis of the action and those where negligence produces the injury. We are unable to appreciate the distinction between the two classes of cases in applying the rules laid down in this state in respect of the rights of the servient tenement in relation to surface waters naturally flowing over from the dominant tenement. The wrong having been committed, and consisting, as it did, in the neglect to provide proper outlets at appropriate places before the rainy season commenced, or before rains might reasonably be apprehended, we are unable to see how this distinction could avail, except, possibly, where the statute of limitations was involved.

It is further urged that it was error to refuse a new trial because it affirmatively appears by reading the description of the tracts in the complaint, as well as in the findings, wherein reference to their governmental subdivision is made,

that of necessity the lands of defendant would lie south of plaintiff's premises, and it would not be possible for the road or ditches complained of to extend along the northern boundary of both tracts. This is true; but the complaint avers that the parties own separate tracts of land, plaintiff's adjoining defendant's on the east, with a road extending along their northerly line, and this is not denied and no finding is necessary in that regard; and for the purposes of an action of this character is a sufficient description, if we ignore the erroneous particular description in the complaint.

Order affirmed.

Gray, P. J., and Smith, J., concurred.