[Civ. No. 668. First Appellate District.—April 11, 1910.]

## W. I. STONE, Respondent, v. SAN FRANCISCO BRICK COMPANY, a Corporation, Appellant.

ASSUMPSIT—WORK, LABOR AND MATERIALS—PLEADING—STATUTE OF LIMITATIONS—INADVERTENT FINDING—CLERICAL ERROR.—Under a complaint in *assumpsit* for the reasonable value of work and labor done and materials furnished to plaintiff's assignor, at defendant's request, "within two years last past," a finding made one year later, sustaining the averments of the complaint, but following its language "within two years last past," evidently used those words inadvertently. The form of such finding is not to be commended, and should be avoided; but where the vital questions of fact presented by the pleadings are answered by the findings, and the substance of the finding complained of is supported by the evidence, the judgment should not be reversed or a new trial granted for what so clearly appears to be a mere clerical error.

ID.—FINDINGS CONSIDERED AS A WHOLE—CAUSE OF ACTION SUSTAINED—IMMATERIAL FINDING DISREGARDED.—The findings must be read together as a whole, and where the court found that prior to the commencement of the action the claim stated in the complaint was assigned to the plaintiff, and also found in response to a plea of the two years' statute of limitations that the cause of action was not barred by limitation, and found the value of the work and

labor done and materials furnished, and the nonpayment of the debt, such findings substantially showed that the debt accrued within two years before the commencement of the action; and, under these circumstances, the finding containing the words "within two years last past," is immaterial, and should be disregarded.

ID.—PROOF OF CONTENTS OF DESTROYED BOOK—ADMISSION OF COPY— UNTENABLE OBJECTION—ABSENCE OF PREJUDICE.—Although a book which is not one of original entry is inadmissible, yet where a book of original entry has been destroyed by fire, the contents thereof may be proved by any witness having knowledge of its contents, and where the bookkeeper testified that the books were correctly kept, and that a purported copy thereof was correct, the admission in evidence of such over an untenable objection cannot require a reversal, especially where the admission is without prejudice, since the court did not base its findings or judgment thereupon, but based them upon other evidence. Any error not affecting the substantial rights of the parties must be disregarded, under section 475 of the Code of Civil Procedure.

ID.—REFRESHING MEMORY OF WITNESS—USE OF MEMORANDUM.—A witness is entitled to refresh his memory by the use of a memorandum made at the dictation and under the direction of the witness, when the facts were fresh in his memory, and he knew that the facts were correctly stated therein.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Ames & Manning, for Appellant.

Cushing, Grant & Cushing, for Respondent.

HALL, J.—Plaintiff sued to recover the sum of $854 as the reasonable value of work and labor performed for and materials furnished to defendant by plaintiff's assignor, at the special instance and request of defendant.

Plaintiff recovered judgment for the sum of $500, from which and the order denying its motion for a new trial defendant appealed to this court.

The action was commenced by the filing of the complaint on the eighteenth day of May, 1907, which alleged the performance of the work, etc., within two years last past. The findings were signed and filed on the twenty-first day of May, 1908. The court, following the language of the complaint,

found "That within two years last past, at the City and County of San Francisco, said Union Machine Company performed work, labor and services for said defendant corporation at its special instance and request, in making and repairing various kinds of machinery and metal appliances, and during said time said Union Machine Company furnished materials to defendant in and for said work on the like request."

This finding is attacked by appellant as not supported by the evidence and as evasive and not responsive to the issues presented by the pleadings. The point of the attack is that the words "two years last past" refer to the two years immediately preceding the date of the filing of the findings and not to the period preceding the filing of the complaint, while the evidence in the case shows without conflict and with certainty that all the work was done and all material furnished before the great earthquake and conflagration which occurred in April, 1906, more than two years before the filing of the findings.

Undoubtedly the words "within two years last past" as they occur in the findings were inadvertently used.

Findings must be read as a whole. In this case the court also found that "prior to the commencement of this action" the claim was assigned by said Union Machine Company to plaintiff, and in response to a plea of the statute of limitations, subdivision 1, of section 339, Code of Civil Procedure, found that the cause of action was not barred by the provisions of said section or by any other section of said code. The court also found as to the value and as to nonpayment of the debt.

Under these circumstances we think the finding that the services were performed and the materials furnished "within two years last past" was immaterial and should be disregarded. The gist and heart of the finding attacked is that the services were performed and the materials furnished by plaintiff's assignor to defendant at its special instance and request. If the court had simply so found without mentioning in that finding the period of time, the finding would have been sufficient, in connection with the other findings as to the assignment before the commencement of the action, as to the action not being barred, as to value, and nonpay-

ment, to support the judgment; for it thus appears that. the debt accrued within two years before the commencement of the action.

The vital questions of fact presented by the pleadings are answered by the findings, and the substance of the finding attacked is supported by the evidence. The form of the finding is not to be commended, and such errors should be avoided, but we do not think that a judgment should be reversed or a new trial ordered for what so clearly appears to be a mere clerical error.

It is also claimed that the court committed error in permitting the witness Bepler to testify to the balance disclosed, just prior to the great fire, by the collection book kept by the bookkeeper and collector for the Union Machine Company (plaintiff's assignor). It had been shown that this and all other books kept by plaintiff's assignor had been destroyed by the fire of April, 1906. Evidence had also been given by the bookkeeper that he kept the books correctly.

Nevertheless the entry in this particular book was not admissible, for it was not the book of original entry, and was not of such a character as to come within the rule allowing the introduction by plaintiff of entries in his own books. But it is not at all clear that the objection made to the admission of the evidence was really pointed at the real vice of the evidence. While a general objection that the evidence was incompetent and hearsay was made, this was coupled with the specific objection "that the book is not shown to be kept in the handwriting of this witness, no entries were made there by him," which seems to have been the real point of the objection relied on. But the bookkeeper who did keep this book testified to the correctness of his books, and subsequently specifically testified to the correctness of this particular book. Under such circumstances, if the entries are admissible at all, and the book has been destroyed, the contents thereof may be further proved by any witness who has knowledge thereof. (Code Civ. Proc., sec. 1937.) So the specific objection made to this evidence was not well taken, and that this was understood by counsel and the court as the real point of the objection we think is manifest from what appears in the record and the original brief of appellant. Appellant in his objection did not suggest that the book was not a book of original entry, which would have

been the most appropriate and direct way to call the court's attention to the vice of the offered evidence; and in his brief he heads his discussion of the point with the words, ''Error in admitting testimony of person not the bookkeeper as to contents of destroyed books,'' and concludes his discussion with a summary of his views to the effect that it is doubtful whether contents of destroyed books of account may be proved at all, and that if such proof may be made it must come from the bookkeeper.

But whether or not the vice of the evidence admitted was reached by the objection, we do not think that any error that may have been committed by the court in admitting such evidence is of sufficient importance in this case to require the granting of a new trial. The witness answered that the book showed a balance in favor of plaintiff's assignor of between $700 and $800, and he further testified that no payments were thereafter made by the defendant. The court however gave judgment for but $500, thus showing that the evidence in question did not affect the judgment. The judgment rendered is amply sustained by other evidence. The challenged evidence was introduced in rebuttal after the defendant had given evidence as to the balance shown by its books. Under such circumstances we think this is a proper case for the application of the rule prescribed by section 475, Code of Civil Procedure, that error that does not affect the substantial rights of the parties must be disregarded.

Objection was also made to a witness refreshing his memory by the use of a memorandum made under his direction, but the ruling overruling this objection was not erroneous, for it appeared that the memorandum was made at the dictation and under the direction of the witness when the facts were fresh in his memory, and that he knew that the facts were correctly stated in the memorandum. (Code Civ. Proc., sec. 204.)

The judgment and order are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 11, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 9, 1910.