[Civ. No. 1257. Second Appellate District.—May 8, 1913.]

IRA J. FRANCIS, Respondent, v. WESTERN SCREEN COMPANY (a Corporation), Defendant and Appellant; C. P. DANDY, Defendant.

CORPORATION—AUTHORITY OF MANAGER TO EXECUTE PROMISSORY NOTE. Where a corporation, engaged in a general merchandise business, employs a manager by a resolution of the directors authorizing him "to handle the business and all its details, and do all the business of every nature," he has authority, the corporation having no funds on hand for the purpose, to execute a promissory note in settlement of an account due for goods purchased.

ID.—ACTION ON NOTE—CORPORATE CAPACITY—ESTOPPEL TO DENY.—In an action on the note by the assignee of the payee corporation, the maker cannot question the corporate capacity of the payee.

ID.—CORPORATE CAPACITY—INCONSISTENT FINDINGS.—If in such action the complaint alleges that the defendant is a corporation, and the answer admits the fact to be as alleged, findings that the allegations of the complaint are true and that the allegations and denials of the answer are untrue, should, insofar as inconsistent, be disregarded.

ID.—PLEADING—AMENDMENT TO SHOW DEMAND.—The court may, on a
case coming to trial, allow an amendment of the complaint so as to
allege demand of payment of the note sued on.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial.
Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Paul W. Schenck, Roland G. Swaffield, and Frederick Gros,
for Appellant.

Alfred Wright, and Oscar C. Mueller, for Respondent.

JAMES, J.—Appeal from a judgment entered in favor of
plaintiff and an order denying appellant's motion for a new
trial.  The suit was upon a promissory note made in favor of
John A. Roebling's Sons Company and signed "Western
Screen Company, C. P. Dandy, Mgr."  At the date of the
making of the note the Western Screen Company was indebted
to the payee for merchandise furnished at various times in an
amount equal to the principal sum named in the note.  The
agent of this payee having failed to secure a settlement of the
account, requested that it be placed in some definite condition,
in response to which request the note sued upon was executed
and given.  It appears from the evidence that the board of
directors of appellant, in the year 1911, adopted a general
resolution authorizing the employment of Dandy as manager,
which resolution recited that said Dandy was "to handle the
business and all its details, . . . and do all the business of
every nature, and employ such assistants as he may deem
necessary, and arrange for compensation of all employees."
Dandy testified that he acted for appellant in the transactions
had with the Roebeling's Company and that he executed the
promissory note as before stated.

It is first contended on behalf of appellant that the evi-
dence was insufficient to show authority in Dandy to execute
the written obligation of appellant.  The resolution authoriz-
ing the employment of Dandy as manager set forth that he
was to handle the business of the company in all its details and
do all business of every nature.  It is sufficiently made to

22 Cal. App.—3

appear that appellant was then doing a general commercial business, and it would seem that, as the authority delegated under the resolution authorized the manager to do all business of every nature, as such manager Dandy possessed authority to adjust the accounts of the company, and that if it became necessary to execute written obligations on that behalf he had full authority so to do as a part of the transaction of the ordinary business of the corporation. The account, in settlement of which the promissory note was executed, appears to have been due and owing at the time the note was made, and there were no funds sufficient with which the manager might satisfy the claim by payment. The facts of the case seem to fully warrant the inference that the making of a promissory note under conditions like those which existed at the time Dandy executed the written obligation for his company, was one ordinarily incident to the transaction of the business. (*Stevens* v. *Selma Fruit Co.*, 18 Cal. App. 242, [123 Pac. 212] ; *Siebe* v. *Hendy Machine Works*, 86 Cal. 392, [25 Pac. 14].)

Whether there was any direct evidence to sustain the allegation of plaintiff as to the corporate capacity of his assignor, the Roebling's Sons Company, need not be considered further than to say that on its face the note appeared to run in favor of a corporation, and the appellant should not be permitted to question the corporate capacity of its debtor under the facts exhibited by this record. (*Raphael Weill & Co.* v. *Crittenden*, 139 Cal. 489, [73 Pac. 238].)

The plaintiff alleged in his complaint that the appellant was a corporation and appellant in its answer admitted the fact to be as alleged. The court in making findings found generally that the allegations of plaintiff's complaint were true and that the allegations and denials of defendant's answer were untrue. Of course, it could not be both true, as alleged by plaintiff, that appellant was a corporation and also that the allegation in the answer admitting the truth of that statement was untrue. A fact which is admitted by the pleadings requires no finding, and the inconsistent findings made as to the question referred to should be disregarded. At the coming on of the trial plaintiff offered for filing an amendment to his complaint to supply the want of an allegation as to demand having been made upon defendant for payment of the note prior to

the commencement of the action. Plaintiff also offered to stipulate that the allegation contained in the amendment might be deemed denied and verification be waived. Counsel for appellant asked for further time within which to prepare to meet the additional issue. The judge upon making inquiry in open court found that the witnesses who might be examined as to the question of demand having been made were all present, and allowed the amendment to be filed, treating it as being denied under the stipulation of plaintiff, and the trial was proceeded with. This action of the court is assigned as error. The allowance of the amendment was within the discretion of the trial judge reasonably exercised, and nothing is shown by the record whereby any prejudice appears to have resulted to appellant.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.