[Civ. No. 8160. Second Appellate District, Division Two.—April 21, 1932.]

In the Matter of the Estate of EDWIN GREBLE DREER, Deceased. ALICE A. GLENDOWER, Appellant, v. ABIGAIL DICKINSON DREER READ et al., Respondents.

Philip N. Krasne for Appellant.

Fred E. Stivers and O. M. Peabody for Respondents.

FRICKE, J., *pro tem.*—While this appeal is presented without a transcript of the evidence upon which the court based the order appealed from, it appears that the deceased made a will in the year 1914; that in April, 1920, he made another will, revoking that of 1914, following this by the execution of two codicils, one in April, 1924, and one in January, 1929, about three months prior to his death. The will of 1920 and the two codicils were admitted to probate

as the will of the decedent. The document made bequests and devises of specifically described articles of personal property and definite sums of money, of the testator's realty in Laguna Beach and his interest in a trust fund to various specifically named beneficiaries. The residue of the estate was left in trust, naming the beneficiaries and contingent beneficiaries thereof. The codicil of April, 1924, made no change in the will except that it devised to William J. Benners all of the testator's real property. The codicil of 1929 revoked one of the bequests of money, devised and bequeathed certain described real and personal property to Jack H. Glendower and Alice Glendower, devised and bequeathed certain lands and moneys in the state of Pennsylvania to Joseph Beechem and Clarence J. D. Read, and also included the following as paragraphs numbers 5 and 11:

"5. I desire that all of the California property of which I may die possessed except the property hereinabove given to Jack H. Glendower and Alice Glendower be sold by my executor as soon after my death as will in the judgment of my executor hereinafter appointed be for the best interest of my estate and all of the proceeds therefrom shall be delivered by said executor to the Fidelity-Philadelphia Trust Company, the executor under my will to be held in trust for my friend William James Benners of 4720 Chester ave., in the city of Philadelphia, Pennsylvania. I direct that said Fidelity-Philadelphia Trust Company shall invest said funds in securities in accordance with their customs in handling trust funds and deliver the income therefrom to said William James Benners quarterly, commencing on January 1st, after said fund is received until the death of said Benners, at which time said fund shall be delivered by said executor to my loving sister, Abigail Dreer Read of 4105 Pine street, Philadelphia, Pennsylvania. And in event of her prior death, to the heirs of her body."

"11. At the time of making this codicil I do not have before me a copy of my last will and testament and am somewhat hazy as to some of the provisions therein contained, but to the best of my memory said will names several persons as residuary legatees. I desire specifically to revoke and annul said provision and direct that all property of every kind and nature and description of which I may die possessed and not specifically provided for in my last

will or codicil shall be given to my loving sister Abigail D. Dreer Read.''

Alice A. Glendower filed a petition for partial distribution of the estate, which was opposed by the special administrator and by Abigail Dreer Read. After a hearing the court made an order which, among other things not involved in the question presented by this appeal, found and decreed that the first codicil was revoked by the second codicil; that certain bequests of personal property and sums of money as provided by the will were inconsistent with and superseded by paragraph 5 of the second codicil; that there was no residuary estate in California, all of the property in that state having been specifically disposed of by the will and codicils, and that the devises set out in paragraph 5 of the second codicil were specific; and that the devises to all persons other than those in favor of Abigail Dickinson Dreer Read and Clifford J. D. Read, the sole kindred of the deceased mentioned in the will, should first be exhausted in payment of debts, taxes and expenses of the estate before resort be had to the devises to said beneficiaries.

Appellant, Alice J. Glendower, contends that the trial court erred in construing the fifth paragraph of the codicil and in holding that the devises and bequests therein to Abigail Dreer Read and James Benners were specific and not general legacies. In defining the term ''specific'' as applied to legacies, section 1357 of the Civil Code provides: ''A legacy of a particular thing, specified and distinguished from all others of the same kind belonging to the testator, is specific; if such legacy fails, resort cannot be had to the other property of the testator.'' ■ While this section refers to legacies, it includes dispositions of real as well as personal property. (*Estate of Painter*, 150 Cal. 498 [11 Ann. Cas. 760, 89 Pac. 98]; *Estate of McLaughlin*, 97 Cal. App. 481 [275 Pac. 874].) ■ It sufficiently appears from the record that the testator possessed real and personal property in the state of Pennsylvania as well as in this state. The intention of the testator as to the residue of his estate is clearly shown by paragraph 11 of the last codicil, whereby he specifically revokes the provisions of his will as to residuary legatees and directs that all of his property not specifically provided for shall be given to his sister. This provision militates against the contention that

paragraph 5 of the last codicil is a disposition of the residue of the estate. There remains only the question as to whether that paragraph provides for a specific legacy.

The language of section 1357 of the Civil Code defining a specific legacy appears, at first blush, to fit the provision made in paragraph 5 of the codicil above referred to. However, for a legacy to be specific the testator must have in mind, at the time of making the testamentary disposition, a specific piece of property, then in existence, which he intends the beneficiary to receive upon his death. (18 Am. & Eng. Ency. of Law., p. 715.) In other words, a specific legacy disposes of property which is identified by the terms of the will at the time it is made, and does not include property thereafter acquired and not included in the testamentary provision when it is viewed as of the date of its execution. In the case at bar paragraph 5 does not even attempt to describe the property left to Abigail Dreer Read as of the date of the will, but, on the contrary, by the use of the words "of which I may die possessed", the testator clearly indicated that the property given under this paragraph was to be determined by his possessions at the time of his death and should include after-acquired property. The intent of the testator as expressed in the will and codicils must control in their interpretation and construction. (*Estate of McCray*, 204 Cal. 399, 402 [268 Pac. 647]; sec. 1317, Civ. Code.) Under the rules laid down in the authorities it must be held that the provisions of the fifth paragraph of the last codicil do not constitute a specific bequest or devise. (*Estate of Woodworth*, 31 Cal. 595, 601; *Abila* v. *Burnett*, 33 Cal. 661; *Estate of Ratto*, 149 Cal. 552 [86 Pac. 1107]; Rood on Wills, sec. 523 et seq.; Underhill on Wills, sec. 405; Page on Wills, sec. 768; Jarman on Wills, 6th ed., 295 et seq., 393 et seq.) It follows that the order granting partial distribution is erroneous.

Appellant requests that, if the order for partial distribution be reversed, this court, under authority of section 956a of the Code of Civil Procedure, correct the findings and decree of the trial court in certain respects specified in the brief. That section, however, provides that findings by an appellate court "may be based on the evidence adduced before the trial court either with or without the taking of evidence by the court of appellate jurisdiction". While the

768

use of the word "may" permits this court to exercise its discretion as to whether further evidence shall be taken here, the provision is mandatory in that the evidence before the trial court must be considered by this court in the making of findings. As the recitals in the order indicate that evidence was received by the trial court, and since this appeal is upon the clerk's transcript alone, appellant's request must be denied.

The order appealed from is reversed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.