[L. A. No. 12967. In Bank.—September 13, 1933.]

PAUL GENEUSZ, Respondent, v. FRED C. HARRINGTON et al., Defendants; MARY JANE JOYCE, Appellant.

George M. Pierson, Sylvan G. Bay and H. E. Allport for Appellant.

Paul Geneusz, *in pro. per.*, and Thomas R. Lynch for Respondent.

WASTE, C. J.—Plaintiff, the respondent here, entered into an arrangement to trade and transfer certain real property to the defendants in exchange for a promissory note of the alleged face value of $4,900, secured by a second encumbrance by way of a deed of trust on property on which there was a prior encumbrance of $40,000. The trial court found that all the representations made by defendants to plaintiff as to the ownership and value of the property subject to the encumbrance securing the note for which plaintiff traded his property were untrue. On discovery of the fraud, plaintiff gave notice of rescission. As a conclusion of law, the court found that plaintiff is entitled to judgment canceling the deed to the property transferred by him to the defendants, and entered judgment accordingly, canceling, vacating and setting aside the deed, and granting other

relief prayed for by the plaintiff. Defendants appealed on the judgment-roll alone.

■ Prior to the hearing here, appellants made application for leave to produce additional evidence concerning facts occurring prior and subsequent to the entry of judgment. When the application came on for hearing, the appellants made no appearance. There is no showing by affidavit or otherwise as to the nature or relevancy of the testimony sought to be taken, other than an affidavit by an officer of a corporation not a party to the suit. In view of the fact that the appeal is on the judgment-roll alone, there is no evidence before the court which might be considered in connection with the testimony sought to be offered. An appeal on the judgment-roll alone does not permit a review of the evidence.

■ The appeal is from the judgment, together with an attempted appeal from an order denying a motion for a new trial. The record fails to disclose that any motion for a new trial was made. Furthermore, since the code amendment of 1915, an appeal does not lie from an order denying such motion. ■ While the findings might be more specific, it must be presumed that they are supported by the evidence. They sufficiently support the conclusions of law and the judgment entered.

The motion for permission to be allowed to take additional testimony is denied. The purported appeal from the order denying a motion for a new trial is dismissed. The judgment is affirmed.

Shenk, J., Thompson, J., Preston, J., Langdon, J., Curtis, J., and Seawell, J., concurred.