[Civ. No. 5356.   Third Appellate District.—July 1, 1935.]

CONSTANCE CUMMINGS, Respondent, v. COLUMBIA PICTURES CORPORATION OF CALIFORNIA (a Corporation), Appellant.

Mitchell, Silberberg & Knupp and Ross R. Hastings for Appellant.

Ralph H. Blum, Alan J. Miller, Sanford I. Carter and Henry F. Walker for Respondent.

PLUMMER, J.—This is an appeal by the defendant from the judgment of the superior court, based upon a complaint

for declaratory relief construing a contract of employment entered into between the plaintiff and the defendant, dated October 4, 1930, whereby the defendant employed the plaintiff to act as a moving picture actress in a production entitled, "The Criminal Code", terms of employment to commence on or about the thirtieth day of September, 1930. The contract further provided, in paragraph fourteen thereof, that the defendant might exercise options of six months each for the services of the plaintiff as such actress, designated as "A", "B", "C", "D", "E", "F", "G", "H" and "I". Notice of the exercise of the respective options, other than as to option "A", to be given at least thirty days prior to the expiration of the previous option.

Upon notice previously given the plaintiff asked to be allowed to submit additional testimony consisting of a notice of the exercise of the first option mentioned in the contract, to wit:

"Columbia Pictures Corporation
"1438 Gower Street,
"Hollywood,
"California.
"December 1, 1930.

"Miss Constance Cummings,
"c/o Joyce & Selznick, Ltd.,
"Bank of Hollywood Bldg.,
"Hollywood, Cal.
"Dear Madam:

"In accordance with the terms of a certain contract entered into between us for your services, dated the 4th day of October, please be advised that we desire to exercise the first option granted us in the said contract, and we do hereby exercise the said option to become effective as of this date. All terms and conditions outlined in the above mentioned contract immediately become in full force and effect.

"If this is in accordance with your understanding will you please sign in the lower left-hand corner of this notice under the word 'accepted'.

"Yours very truly,
"Columbia Pictures Corporation of
California, Ltd.
"By Samuel Bischoff, Business Manager."

For the purpose of correcting what is claimed to be a clerical error in designating, in finding No. 10, the notice attached to the complaint as "Exhibit B" as evidencing the exercise of option "A" instead of a notice evidencing the exercise of option "B", this application is further based upon the fact that other findings of the court are to the effect that options covering a two-year period, and ending on November 30, 1932, point conclusively to the fact that the naming, in finding No. 10, of the exercise of option "A" as dating from June 1, 1931, should have referred to option "B".

The complaint, in paragraph IX, contains the same alleged error as is found in finding No. 10. Following paragraph IX alleging the exercise of option "A" as dating the eighteenth day of April, 1931, the complaint alleges that thereafter the plaintiff rendered her services to the corporation as a motion picture actress under said option agreement, and then, in paragraph XI, alleges that thereafter the defendant corporation, by notice in writing, at the proper times, availed itself of options "B", "C" and "D", and that the plaintiff so rendered her services to the defendant corporation, to and under the options mentioned in said contract, up to and including the thirtieth day of November, 1932.

It is then further alleged that the defendant failed to exercise option "E', in that it failed to give notice to the plaintiff, in writing or otherwise, of its exercise of option "E", as provided in the contract. That the defendant did not exercise its option according to the terms of subdivision "E" of paragraph 14 of the contract, is admitted in the answer. The defendant in its answer admits that it did not exercise the option mentioned in subdivision "E" of paragraph 14, in writing, but sets up the defense that the plaintiff waived such a notice.

The court found in accordance with the admission that no notice in writing was given, and also further found that the plaintiff did not waive notice, and entered judgment to the effect that the contract providing for the services of the plaintiff ended November 30, 1932.

Upon this appeal it is urged as a ground for reversal that the findings are conflicting, in that the court found that notice of the exercise of option "A" was given on the eighteenth day of April, 1931, and that thereafter, notice of the exercise

of options "B", "C" and "D" was also given, which would carry the expiration of the contract over to, and include six months following the thirtieth day of November, 1932, or until the thirtieth day of May, 1933.

■ The motion to be allowed to present in evidence the first notice so as to clear up the inaccuracy appearing in the complaint, and also in finding No. 10, is contested by the appellant on the ground that section 4¾ of article VI of the Constitution and section 956a of the Code of Civil Procedure do not permit of an order in this case allowing the admission or taking of additional testimony.

Notwithstanding the fact that the evidence sought to be adduced shows beyond any reasonable doubt or controversy that the respondent's contention is correct, and that the recital in finding No. 10 that the period for the exercise of option "A" began with June 1, 1931, pursuant to the notice dated the eighteenth day of April, 1931, is an apparent error or mistake either of a scrivener, typewriter, or of one of plaintiff's attorneys in drafting the complaint and framing findings for the signature of the trial judge, the appellant's contention appears to be well taken.

The appeal in this case is based upon the judgment roll alone, and thus no evidence taken in the case is brought up for our consideration. A reading of section 4¾ of article VI, *supra*, and section 956a, *supra,* leads us to the conclusion that an appeal court is not authorized to take additional testimony, unless the record shows the testimony taken before the trial court. The language of both sections reads: "Such findings may be based on the evidence adduced before the trial court, either with or without the taking of evidence by the court of appellate jurisdiction." In other words, additional testimony can only be taken and considered in connection with the testimony taken before the trial court. This appears to be the holding of the Supreme Court in the case of *Geneusz* v. *Harrington,* 218 Cal. 760 [25 Pac. (2d) 4]; *Estate of Dreer,* 122 Cal. App. 763 [10 Pac. (2d) 803].

We do not think it necessary to cite any of the authorities as to what an appellate court may consider where the appeal is presented upon the judgment roll alone.

The motion for leave to introduce the notice which we have set forth herein must be denied on the ground that the court has no authority to permit its admission as testimony, although

satisfied that it exhibits the true state of affairs. We may add that the circumstances here considered also show how technical objections stand in the way of the truth, and constitute a basis for many of the criticisms of our legal procedure.

■ Notwithstanding the fact that the record before us shows that the whole controversy revolves around the question as to whether the plaintiff had waived notice in writing or otherwise, of the exercise of option ''E' mentioned in the contract, it is here urged by the appellant, following the error which we. have mentioned as occurring in finding No. 10, that the options began as follows: Option ''A'', on June 1, 1931; option ''B'', on December 1, 1931; option ''C'', on June 1, 1932; and option ''D'', on December 1, 1932; which would terminate on May 31, 1933. The court found that four options had been exercised, and that the two-year period during which the options had been exercised ended November 30, 1932. This shows that option ''A'' was exercised as beginning on December 1, 1930. Four options of six months each could not have been exercised within the two-year period, unless that two-year period began on the date which we. have stated, and ended on the thirtieth day of November, 1932, just as found by the court.

The answer to the appellant's complaint in paragraph II is worded as follows: ''Answering paragraph XIII, admits that the defendant did not give to the plaintiff a notice in writing of its intention to exercise the option for the additional six months commencing on December 1, 1932.'' And further, the answer in its affirmative defense sets up that the plaintiff waived notice in writing of the exercise of the option beginning on December 1, 1932. In the face of the admission in the answer which we have just quoted, and the affirmative defense set up, we conclude that finding No. 10 is wholly unnecessary to support the judgment in this case, and that it may be disregarded as wholly immaterial.

The complaint, as we have stated, further alleged that options ''B'', ''C'' and ''D'' had been exercised. This allegation is not denied in the defendant's answer.

Finding No. 12 sets forth that the defendant had given notice to the plaintiff of the exercise by it of options granted in subdivisions ''A'', ''B'', ''C'' and ''D'' of article 14 of the agreement, and that the period covered by the exercise

of said options ended with the thirtieth day of November, 1932. Finding No. 13 of the court is to the same effect, that the employment of the plaintiff by the defendant ended on that date.

It is further found in finding No. 14 that the plaintiff rendered services in accordance with the terms of the contract and the options exercised by the defendants, up to and including the thirtieth day of November, 1932.

It is further found that the exercise of the option mentioned in subdivision ''E'' terminated on the thirty-first day of October, 1932. It is also found that the defendant did not exercise such option in writing, or otherwise, and that the plaintiff did not waive notice of the exercise of option ''E'', as required by the contract.

In addition to what we have said, the contract itself evidences that the period of service under option ''A'' began in December, 1930. The contract provided that option ''A'' should begin immediately, and when the option was exercised, and was to be exercised, it specified time before the completion of the picture in the production of which the plaintiff was engaged as a moving picture actress. All the other options provided for a thirty-day notice being given previous to the exercise of the option under which the plaintiff was rendering services. The contract provided, we may specifically state, the giving of notice sixty days after the completion of the picture designated as ''The Criminal Code'', for the beginning of work by the plaintiff under option ''A'', and that upon giving the notice, work should begin immediately.

The option set forth as ''Exhibit B'' in the complaint shows that the notice was given in compliance with the requirements of option ''B'', and not with the requirements of option ''A'', as set forth in the contract. The option set forth in the complaint does not, in and of itself, specify the letter designating the option to be exercised, which leads further to the conclusion that the naming of option ''A'' instead of option ''B'' in finding No. 10 was simply the culmination of a clerical error or oversight carried through the proceedings in this case, and that such error or oversight did not mislead the defendant; was not taken advantage of by the defendant upon the trial of the action by demurrer or otherwise; but so far as we can ascertain from the record,

is sought to be taken advantage of for the first time upon this appeal in order to secure a reversal upon a technicality· in direct opposition to the actual facts.

Again, the appellant having admitted that it did not give notice in writing of the exercise of the option for the term commencing on December 1, 1932, it seems to us wholly immaterial whether that option is lettered "D", "E" or "F", or is known by any designation whatsoever. If notice in writing was not given of the option beginning on that date, the appellant virtually admits that it has no standing in court in view of the findings of the court, which we must accept as true and conclusive in the absence of testimony that the giving of such notice in writing was not waived by the plaintiff.

The language found in the opinion of the court in the case of *Asnon* v. *Foley*, 105 Cal. App. 624 [288 Pac. 792], we think applicable, to wit: "It is unfair for a party to withhold an objection founded upon a defect, which, if pointed out in time, might be remedied, until it is too late to correct the defect, thereby inducing an opponent to rely upon his pleading as sufficient in order that he may have a fatal objection. Such course is a fraud upon justice and prevents a fair trial. It is therefore not tolerated."

Having set forth sufficient to show beyond controversy that the reference to the exercise of option "A" in finding No. 10, instead of mentioning the exercise of option "B", was an error, either clerical, or an oversight, we hold with the following cases that: "A judgment should not be reversed or a new trial ordered for what so clearly appears to be a mere clerical error." (*Stone* v. *San Francisco Brick Co.*, 13 Cal. App. 203 [109 Pac. 103]; *Del Monte Ranch Dairy* v. *Bernardo*, 174 Cal. 757 [164 Pac. 628]; *Field* v. *Burr*, 129 Cal. 44 [61 Pac. 665]; *Francis* v. *Western Screen Co.*, 22 Cal. App. 32 [133 Pac. 327]; *Cox* v. *O'Dell*, 1 Cal. App. 682 [82 Pac. 1086].)

As no controversy is made by the appellant as to the correctness of the findings other than as to finding No. 10, and as no testimony is brought up to show that the court erred in finding that the appellant had not given notice to the plaintiff, as required by the contract for the option beginning December 1, 1932, and that the plaintiff had not

waived the giving of notice, it follows that there is absolutely no merit whatever in the appellant's appeal.

We do not deem it necessary to consider further appellant's contention, or analyze any of the authorities cited to support its contention having to do with conflicting findings, as what we have set forth we think determinative of this cause.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1935.