[Civ. No. 15370. Second Dist., Div. Three. Dec. 23, 1946.]

JOSEPHINE HUNTER FALKENSTEIN, Appellant, v. RALPH STEELE, Respondent.

Arthur C. Miller and Lee A. Solomon for Appellant.

Romaine Hogan for Respondent.

KINCAID, J. pro tem.—Plaintiff appeals from an adverse judgment in an action brought by her as owner and lessor for the unlawful detainer of property leased by her to the defendant. The lease is in writing and the property covered by it consists of a small cafe building, service station, garage, and six cabins, located on the state highway between Bakersfield and Los Angeles and known as "Caswell Station."

Under the first cause of action of plaintiff's complaint a default by the defendant in payment of the rent provided for in the lease is alleged, and under a second cause of action the defendant is charged with the breach of certain conditions of the lease in failing to paint and clean the premises and using a name thereupon other than "Caswell Station." The complaint further alleges the service upon defendant of a three-day notice demanding the payment of the rent claimed to be in default or the surrender of the demised premises, and the subsequent service on defendant of a notice as required by the lease of plaintiff's intention to terminate it by reason of defendant's failure to perform the covenants and conditions heretofore described.

The trial court found that, although by the terms of the lease the rental payments were to commence on May 18, 1945, the defendant was not given full possession of the demised

premises by plaintiff until July 15, 1945; that defendant did obtain possession of a portion of the premises on or about the effective date of the lease but that no proof as to the reasonable value of the use and occupation of that portion so utilized was offered or proven at the trial, and that no rentals became due to plaintiff from defendant on May 18, 1945.

The court further found that in accordance with the terms of the lease and within thirty days after defendant got full possession of the demised premises, defendant cleaned and painted all buildings in the lease described and cleaned and placed in order, to the satisfaction of plaintiff, the grounds and premises, all at his own cost and expense, which was in lieu and in full payment of the first month's rent from June 18, 1945, to July 17, 1945; that on July 18, 1945, defendant paid plaintiff $300 as rent under the lease for the period to August 18, 1945.

Under the second cause of action of plaintiff's complaint, the court specifically found that defendant did paint and clean the demised premises to the satisfaction of plaintiff as in the lease provided, and at all times did operate the business and premises mentioned in the lease under the name and style of "Caswell Station" and not otherwise. The plaintiff contends that the evidence is insufficient to support the findings, that both fact and law require the reversal of the judgment, and that the findings are contradictory and do not support the judgment.

In support of the court's findings the record discloses evidence that, pursuant to the terms of the lease and in lieu of the payment of the first month's rent of $300, defendant employed painters and expended the sum of $585 for the painting of such premises; that although plaintiff had first required that the color of the paint should be white, the parties subsequently agreed upon a cream color paint, and this color was used thereon and that plaintiff never thereafter complained to defendant about the way that the buildings had been painted. There is further evidence to the effect that all the buildings were painted both inside and out, excepting the inside of the cafe and the fronts of three of the cabins. As to these particular portions of the premises the record reveals evidence that as to the inside of the cafe "the woman who had leased it previously had painted it a beautiful white and it had not been used." With reference to the front of the three cabins there is testimony which the court was entitled to be-

lieve to the effect that they were not painted because there were vines there and plaintiff did not want these fronts changed. Plaintiff further complains that the evidence shows the panels on the screen doors and window trimmings of these same three cabins were not painted but were left with their original chocolate brown or black color. There is no evidence, however, of the dimensions of these unpainted panels and trimmings or that plaintiff suffered any substantial prejudice by the failure to paint them.

With reference to the cleaning of the demised premises, the evidence discloses that portions of them had previously been used for turkey raising, and that there manure was scattered both in the cabins and on the ground. The defense testimony was to the effect that defendant, his wife and daughter, had spent many days in washing and cleaning the premises and that they were fully cleaned.

By the terms of the lease it was further agreed that defendant was to operate the business on the demised premises under the name of "Caswell Station" and would not use any other name in connection therewith. Plaintiff claims a breach of this provision of the lease, in that defendant painted a sign on the cafe building some twelve to fifteen feet long and in letters about two feet high with the words "Half-way House." The evidence shows, however, that at all the times in question a big thirty feet long sign was maintained on the front of the hotel building with the words "Caswell Station" thereon and that another sign ten feet in length on the front of the garage, which was located on the highway, said "Caswell." Defendant testified that his reason for painting the "Half-way House" sign on the cafe was that so many people inquired as to how far it was from both Bakersfield and Los Angeles, and as the place was about halfway between these cities he put up this sign for their accommodation.

From all the evidence herein we conclude that the trial judge was justified in finding that defendant substantially complied with the terms of the lease with reference to the painting and cleaning of the premises and that the business situate thereon was never operated by defendant under any name but "Caswell Station," the added sign "Half-way House" being of a descriptive and informative character only. The evidence further supports the court's findings to the effect that defendant complied with all the covenants in the lease which he agreed to perform including payment of rentals.

■ With reference to the point made by plaintiff that the trial court's findings are contradictory, our attention is directed to findings numbered II and III relating to the first cause of action of her complaint. The pertinent portion of such finding II is as follows: "That defendant got full possession of all the demised premises July 15, 1945, and within thirty (30) days thereafter, in accordance with the terms of the lease in paragraph II of the complaint mentioned, cleaned and painted all buildings in the lease described, and cleaned up and placed in order to the satisfaction of plaintiff, the grounds and premises described therein, all at his own cost and expense, which was in lieu and in full payment of the first month's rent from June 18, to July 17, 1945. That on July 18, 1945, defendant paid plaintiff as rent under the said lease $300 for the period of July 18 to August 18, 1945." This is followed by finding III: "That all the allegations in paragraph IV are true." As paragraph IV of plaintiff's first cause of action alleges defendant to be indebted to plaintiff for unpaid rentals in the sum of $900 covering the period from May 18, 1945, to August 18, 1945, it is readily apparent that such findings II and III are diametrically opposed. It is equally apparent, both from the evidence, the other findings and the court's conclusions of law, that a mere clerical or stenographic error was committed by omitting the letters "un" as a preface to the word "true" and that finding III should and was intended by the court to read: "That all the allegations in paragraph IV are *un*true." It is a well established rule that a judgment should not be reversed or a new trial ordered for what so clearly appears to be a mere clerical error. (See *Cummings* v. *Columbia Pictures Corp.* (1935), 8 Cal.App.2d. 244, 250 [47 P.2d 504], and cases there cited.)

The judgment is affirmed.

Desmond, P. J., and Wood, J., concurred.