[Civ. No. 18496.   Second Dist., Div. Two.   Apr. 10, 1952.]

WEST COAST SAW MILLS, INC. (a Corporation), Respondent, v. GEORGE F. WEIS, Appellant.

Leo M. Rosecrans and Marcus Muskat for Appellant.

Burr & Smith for Respondent.

FOX, J.—This is an action to recover the purchase price of 11 carloads of lumber sold and delivered by plaintiff to defendant pursuant to a written contract.   Defendant filed a counterclaim and cross-complaint in which he seeks to recover from plaintiff the sum of $77,438.01, which he alleges he overpaid in freight charges on a total of 410 cars of lumber shipped to him under the contract.   From a judgment in favor of plaintiff and against defendant on his counterclaim and cross-complaint, defendant appeals.

There is no dispute as to the facts.   Plaintiff and defendant entered into a written contract whereby defendant agreed to purchase from plaintiff a total of ten million board feet of lumber.   No price was specified in the contract but it was agreed that "the prices for Douglas Fir lumber shall be

the prevailing market prices F.O.B. cars Los Angeles, California, at time of shipment, said prevailing prices being in line with selling prices of other producers of well manufactured Douglas Fir lumber f.o.b. cars Los Angeles, it being agreed between buyer and seller that Crow's Pacific Coast Lumber Digest is a recognized source of information on Douglas Fir lumber prices. Presently the prevailing market prices of surfaced Douglas Fir lumber are recognized as being the present established O.P.A. ceiling prices as published in the Sixth Editon of Crow's Handy Reference covering Second Revised MPR-26 with all adjustments and revisions, up to and including May 31, 1946, copy of which both buyer and seller have.''

The lumber was shipped to defendant from South Fork, California, and upon delivery he paid to the carrier the freight charge from South Fork to Los Angeles. Thereafter defendant was billed at an agreed price f.o.b. mill, to which was added the freight rate from Portland, Oregon, to Los Angeles, and the amount of the freight previously paid by defendant, being the rate from South Fork to Los Angeles, was shown as a credit.

■ Defendant contends the findings of fact are not supported by the admitted facts in the pleadings and that they do not support the conclusions of law nor the judgment. In his brief he states: ''The record on this appeal presents but one point for decision, that is, whether plaintiff can exact from defendant an excessive freight, that was never paid to the carrier and which is actually nothing more than a bonus and rebate exacted and collected under the guise that such differential in the freight rate charged and the rate paid to the carrier was, in fact, a part of the purchase price.''

Plaintiff admitted defendant's allegation that it charged and collected from defendant the Portland, Oregon, freight rate to Los Angeles, and that he actually paid the domestic freight rate for shipment, and by way of affirmative defense alleged that the ''parties agreed that the defendant . . . would pay to plaintiff . . . the difference between the Portland, Oregon, freight rate and the freight rate from the point of shipment of said lumber to Los Angeles, California, as part of the purchase price of said lumber.'' These allegations the court found were true.

The court also found that ''subsequent to the execution of the contract referred to and beginning with the first de-

livery of lumber by West Coast Saw Mills, Inc., to George F. Weis and in pursuance of said contract, the said parties agreed that George F. Weis should and would pay to West Coast Saw Mills, Inc., the Portland, Oregon, freight rate to Los Angeles, California, as part of the purchase price of said lumber; that said purchase price was in conformity with the prevailing market price at Los Angeles, California, that settlement of the prices to be paid for the shipments of said lumber was, in fact, made by the said parties from time to time in accordance with said later agreement; that, accordingly, all accounts between West Coast Saw Mills, Inc., and George F. Weis with respect to the shipment and sale and purchase of said lumber were settled from time to time by them on such basis.'' The court further found that plaintiff ''did not charge to or collect from George F. Weis and he did not pay any false or excessive freight on any of said ten million board feet of lumber; that West Coast Saw Mills, Inc. did not charge to or collect from George F. Weis and he did not pay any more than the prevailing market prices at the time for the respective shipments for lumber sold and shipped by it to him'' and that defendant was not overcharged for any such lumber.

Much of defendant's brief is devoted to arguing that the regulations of the Administrator of the Emergency Price Control Act of 1942 were illegal in that they permitted freight rebates and that such rebates are prohibited by Act 6386, section 23(b), 2 Deering's General Laws, and are against public policy. Such arguments are without merit since the court specifically found that (1) defendant did not pay any false or excessive freight rate; (2) defendant agreed to pay the freight rate between Portland and Los Angeles as part of the purchase price, and (3) defendant did not pay more than the prevailing market prices and was not overcharged. Since this appeal is upon the judgment roll alone, it must be presumed that the evidence supports the findings. (*Tarvin* v. *Davey,* 56 Cal.App.2d 846, 850 [133 P.2d 844]; *Geneusz* v. *Harrington,* 218 Cal. 760, 762 [25 P.2d 4].)

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 5, 1952.