Filed 4/30/26  Kathleen C. v. Choi CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| KATHLEEN C., | B345551 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 25STRO00281) |
| v. | |
| JINHONG CHOI, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of
Los Angeles County, Melanie Ochoa, Judge.  Affirmed.

Jinhong Choi, in pro. per., for Defendant and Appellant.

Kathleen C., in pro. per., for Plaintiff and Respondent.

_____

Appellant Jinhong Choi (Choi) appeals from a civil harassment restraining order (restraining order) issued against him protecting respondent Kathleen C. (Kathleen).[1]  Choi contends that he did not receive sufficient notice; Kathleen's allegations and evidence fail to satisfy the legal standard for harassment under Code of Civil Procedure section 527.6[2]; the restraining order contains contradictory terms that make compliance impossible; and an error in the minute order reflects fundamental errors that cast doubt on the reliability of the proceedings.  We affirm.

### FACTS AND PROCEDURAL HISTORY[3]

Choi and Kathleen are neighbors and former friends.  In August 2023, Choi and Kathleen had a dispute over their shared fence.  Choi then removed and stole Kathleen's locked gate, which allowed him to access her property.  Choi repeatedly trespassed onto Kathleen's property and destroyed approximately $3,000 worth of her possessions, including pots, gardening supplies, plants, tools, and garden furniture.  After each incident, Choi

---

[1]    In accordance with California Rules of Court rule 8.90(b)(5), we initially refer to the person protected in this civil harassment proceeding by her first name and last initial, and thereafter by her first name.  No disrespect is intended.

[2]    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[3]    We summarize the facts in the light most favorable to the prevailing party.  (See *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 787.)  Because Choi elected to proceed without a transcript of the hearing, we rely on the sworn allegations in Kathleen's request for a civil harassment restraining order.

would leave notes admitting that he trespassed onto her property and destroyed her possessions. The final incident occurred on December 25, 2024.

Choi mounted security cameras on the side of his house for the purpose of surveilling Kathleen. Choi also idled his motorcycle in the evenings making loud, unnecessary noise and polluting the air around his neighbors' residences. Kathleen alleged that Choi was "in a rage" and that she feared for her safety.

On January 14, 2025, Kathleen filed a request for a restraining order under section 527.6. Kathleen filed a proof of service on January 30, 2025.

The trial court held a hearing on February 4, 2025. Both Choi and Kathleen appeared and testified. Following the hearing, the court granted Kathleen's request for a restraining order for a period of one year. The restraining order requires Choi to stay five feet away from Kathleen when "entering, exiting, or residing" at his residence. Choi must also stay 100 yards away from Kathleen and her home. The restraining order expired on February 4, 2026.[4]

---

[4] We exercise our discretion to consider the merits of this arguably moot appeal because "[a]pplying a strict standard of mootness . . . would effectively deprive persons affected by injunctions of limited duration from obtaining any judicial review." (*Schraer v. Berkeley Property Owners' Assn.* (1989) 207 Cal.App.3d 719, 728; see also *In re D.P.* (2023) 14 Cal.5th 266, 282 ["Even when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute"].)

## DISCUSSION

### I. Relevant Law

Section 527.6 "provid[es] expedited injunctive relief to victims of harassment. [Citation.]" (*Brekke v. Wills* (2005) 125 Cal.App.4th 1400, 1412.) A person who has suffered harassment may seek a temporary restraining order and may obtain an order prohibiting the harassment if, after a hearing, a trial court finds clear and convincing evidence of unlawful harassment. (§ 527.6, subds. (a)(1), (i).) "The ' " '[c]lear and convincing' " ' standard ' "requires a finding of high probability" ' of unlawful harassment. [Citation.]" (*E.G. v. M.L.* (2024) 105 Cal.App.5th 688, 698 (*E.G.*).)

The statutory definition of "[h]arassment" includes "a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (§ 527.6, subd. (b)(3).) "An injunction is authorized only when it appears that wrongful acts are likely to recur." (*Russell v. Douvan* (2003) 112 Cal.App.4th 399, 402.) A single act of unlawful violence may justify the issuance of a restraining order if the trial court finds evidence of a future threat of harassment. (See *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 499; *Russell v. Douvan*, *supra*, at p. 404.)

### II. Standard of Review

We review the trial court's factual findings (express and implied) in granting a civil harassment restraining order for substantial evidence. (*E.G.*, *supra*, 105 Cal.App.5th at pp. 698–699.) Because the trial court must make its finding of unlawful harassment under the clear and convincing evidence standard of proof (§ 527.6, subd. (i)), "the question before the appellate court is whether the record as a whole contains substantial evidence from which a reasonable fact finder could have found it highly

4

probable that the fact was true." (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1011.)

"When conducting our review, we must 'not reweigh the evidence itself' [citation], but must instead 'view the record in the light most favorable to the prevailing party below and give appropriate deference to how the trier of fact may have evaluated the credibility of witnesses, resolved conflicts in the evidence, and drawn reasonable inferences from the evidence.' [Citation.] Whether the facts, supported by substantial evidence and construed most favorably in the petitioner's favor, are legally sufficient to constitute civil harassment under section 527.6 is a ' "question[] of law subject to de novo review." ' [Citations.]" (*E.G.*, *supra*, 105 Cal.App.5th at p. 699.)

## III. Choi Received Sufficient Notice

"[U]pon the filing of a petition under [section 527.6], the respondent shall be personally served with a copy of the petition, temporary restraining order, if any, and notice of hearing of the petition . . . at least five days before the hearing." (§ 527.6, subd. (m)(1).) Choi admits that he received five days' notice.

Choi argues that due process requires a longer notice period because he is "a recent immigrant with limited English proficiency." Choi argues that the five-day notice period was insufficient to secure translation services, obtain legal counsel, prepare an adequate defense, and identify and prepare witnesses.

Choi identifies no legal authority that entitles him to more than five days' notice under these circumstances. Nor does the record reflect that Choi requested a continuance on these grounds. In his reply brief, Choi seems to admit that he did not request a continuance. A party who opposes a motion on the merits without requesting a continuance or identifying resulting

prejudice waives any defect in notice. (*Carlton v. Quint* (2000) 77 Cal.App.4th 690, 697.)

Choi argues that Kathleen engaged in "a strategic attempt to ambush [him] with insufficient notice" because she filed the request on January 14, 2025, and did not serve him until January 30, 2025. Conversely, Kathleen attaches an exhibit to her opposition brief demonstrating that the Sheriff's Department attempted to serve Choi on three prior occasions. We need not consider Choi's argument or Kathleen's extra-record evidence because Choi received proper notice under section 527.6 and waived any argument to the contrary.

## IV. Kathleen's Allegations and Evidence Are Sufficient to Establish Harassment

Next, Choi argues that Kathleen's allegations fail to satisfy the legal standard for harassment under section 527.6. We disagree. A complaint need only contain "[a] statement of the facts constituting the cause of action, in ordinary and concise language." (§ 425.10, subd. (a)(1).) Here, Kathleen alleged that Choi repeatedly trespassed onto her property and destroyed her possessions; Choi removed and stole her locked gate; Choi mounted security cameras on the side of his house to surveil her; Choi idled his motorcycle in the evenings making loud and unnecessary noise; and Choi was "in a rage." These allegations demonstrate "conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (§ 527.6, subd. (b)(3).)

Choi seems to argue that Kathleen's evidence is insufficient to support issuance of the restraining order. For example, Choi argues that the evidence demonstrates that this was a property dispute, not harassment, and that his notes were "protected

6

property rights communications." Choi argues that his security cameras served a legitimate purpose. Choi also argues that Kathleen, not he, violated the Penal Code. Because Choi elected to proceed without a transcript of the hearing, we cannot evaluate these claims on appeal. (See *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters.*"].)

**V. The Restraining Order Does Not Violate Due Process**

Choi argues that the restraining order contained contradictory terms, because the court simultaneously ordered Choi to stay 100 yards away from Kathleen and her home while ordering Choi to stay only five feet away from Kathleen and her home when "entering, exiting, or residing at" his home. Choi argues that these contradictory distance requirements make compliance impossible, in violation of due process. We disagree with Choi's interpretation of the trial court's order. Clearly, the court intended to create an exception to the 100-yard requirement when Choi was entering, exiting, or residing at his home, so there is no due process violation. Regardless, the order expired on February 4, 2026.

Finally, Choi argues that the minute order contains "a significant clerical error" demonstrating that "the trial court proceedings were fundamentally flawed." Specifically, the minute order incorrectly states that Kathleen, not Choi, was assisted by two Korean language interpreters. This clerical error, presumably by the trial court's judicial assistant, does not warrant reversal. (*Cummings v. Columbia Pictures Corp. of California* (1935) 8 Cal.App.2d 244, 250.)

7

## DISPOSITION

The order is affirmed.  Respondent Kathleen C. is entitled to her costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


GOORVITCH, J.*


We concur:


CHAVEZ, Acting P. J.


RICHARDSON, J.


---

*     Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.