[Civ. No. 3740. First Appellate District, Division One.—January 20, 1921.]

GEORGE T. MOSHER, Respondent, v. GERTRUDE B. JOHNSON, Appellant.

[1] CONTRACTS—PURCHASE OF FURNITURE—ACTION FOR DAMAGES FOR BREACH — ACQUIESCENCE IN FINDINGS OF ARBITRATORS — EVIDENCE—FINDINGS.—In this action for damages alleged to have been suffered by reason of the refusal and failure of the defendant to purchase the furniture of an apartment house, according to the terms of a written agreement which provided that the price therefor should be determined by arbitration, the evidence was amply sufficient to sustain the findings of the trial court to the effect that the action of the parties, in arriving at the price the defendant was to pay plaintiff for the furniture, was a substantial compliance with their agreement, and that the finding of the arbitrators was acquiesced in and agreed to by the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

Taylor & Forgy for Appellant.

No appearance for Respondent.

WASTE, P. J.—Plaintiff brought this action for damages alleged to have been suffered by reason of the refusal and failure of the defendant to purchase certain personal property, the furniture of an apartment house, according to the terms of a written agreement, which provided that the price therefor should be determined by arbitration. Judgment was accorded to plaintiff and the defendant has appealed.

[1] It was alleged in the complaint, and the court found, that it was the agreement of the parties relating to the purchase and sale of the furniture that, if the parties could not agree upon the price, that said price should be determined by "arbitration in the usual mode," each of said parties selecting one arbitrator, and these two securing a third, the decision of any two to be decisive as to the price to be paid, which was to be the reasonable value of the furniture at the time of the sale. The contract also provided that should the defendant not exercise her option to purchase the furniture the plaintiff might require her to do so, and if they could not agree upon the value at that time, it should be "forthwith determined by arbitration as aforesaid," referring back to the former provision. After the original contract was entered into the parties modified it by a supplemental agreement extending the time for the purchase of the furniture by the defendant, and again stipulated that in the event of a failure to agree upon the price, the amount "was to be settled upon the same terms as in the original agreement, viz., each party to select one person, in case of disagreement these two parties to select another, other conditions being the same." When the plaintiff demanded that defendant purchase the furniture, the parties being unable to agree, plaintiff selected Victor E. Stedman and the defendant designated Thomas B. Clark, as appraisers, who appraised the furniture at $5,666.54. This finding was reduced to writing, signed by each of the appraisers, and served upon each of the parties.

The court further found the amount arrived at by the appraisers to be the fair and reasonable value of the furniture on the date of the appraisement, and that the defendant acquiesced and agreed to all the acts of the arbitrators, or appraisers, and accepted and ratified their findings. It

accordingly gave judgment in plaintiff's favor for the sum of $5,666.54 and costs.

Appellant contends that these findings have no support in the evidence, resting her contention, we think, more upon an interpretation of the contract than upon the insufficiency of the evidence. The respondent has not been sufficiently interested in the matter to enter an appearance in this court, no respondent's brief having been filed. We have no way of reaching parties who thus shirk the responsibility cast upon them by the appeal, and who, having secured a meritorious judgment, do not recognize the duty incumbent upon them of pointing out to the appellate tribunal the reasons why the action of the lower court should be sustained. It is as much the duty of the respondent to assist the court upon the appeal as it is to properly present a case, in the first instance, in the court below.

Notwithstanding respondent's neglect, we have examined the record, at the expense of our own time, and are satisfied that the judgment should be sustained. The lower court found, in effect, that the action of the parties, in arriving at the price the defendant was to pay plaintiff for the furniture, was a substantial compliance with their agreement, and that the finding of the arbitrators, or "appraisers," if the appellant likes that term better, was acquiesced in and agreed to by the defendant. There is evidence which, if believed by the trial judge, was amply sufficient to warrant the findings.

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.