[Civ. No. 3748.   First Appellate District, Division One.—January 27, 1921.]

### JOHN LAPIQUE; Appellant, v. FRANK E. WALSH, Administrator, etc., Respondent.

[1] JUDGMENTS—APPEAL—NEW TRIAL.—Where on appeal, by the party in whose favor judgment was rendered, from an order denying a motion for a new trial, that order was reversed and the cause remanded for a new trial, the decision of the trial court was vacated and the judgment dependent upon that decision fell with it, notwithstanding that upon a previous independent appeal from that judgment, by the party against whom it was rendered such judgment had been affirmed.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion to carry a judgment into execution. Dana R. Weller, Judge. Affirmed.

The facts are stated in the opinion of the court.

John Lapique, *in pro. per.*, for Appellant.

No appearance for Respondent.

WASTE, P. J.—Alleging himself to be the successor in interest of Maria Espiritu Chijulla de Leonis in a certain judgment rendered in the superior court of Los Angeles County June 3, 1901, against Frank E. Walsh, administrator of the estate of Laurent Etchepare, deceased, appellant sought to enforce the judgment and to have it carried into execution, under the provisions of section 685 of the Code of Civil Procedure. His motion was denied and he has appealed from the order denying him the relief sought.

Appellant's presentation of his case on appeal, *in propria persona,* has been vague and ambiguous and the record unsatisfactory. We have not had the assistance of any respondent's brief in the case. Neither parties, nor counsel protecting their interests, appear here to support the action of. the lower court. Counsel for the respondent, by reason of their great familiarity with this matter, could have saved the court much of the work imposed by this appeal had they

filed here a short, concise statement of the case with a brief citation of authorities. Their neglect and failure to do so is inexcusable. Enough appears, however, from the record of the proceedings, and from the briefs of appellant, to enable us to reach the conclusion that the ruling of the lower court was correct. We are also enabled, by reference to the reports of the supreme court of this state, to more clearly understand the present angle of this ancient litigation.

[1] Appellant's alleged predecessor in interest brought an action against Laurent Etchepare to recover certain money alleged to have been received by him as her agent, and to obtain a decree requiring him to convey to her certain real property alleged to have been conveyed by her to Etchepare, upon his false representations that she was indebted to him for money advanced, and for the purpose of securing the repayment of the same. She obtained judgment decreeing a reconveyance, upon the payment by her to Etchepare of a specified sum of money with interest. On appeal taken by Walsh, as Etchepare's administrator, the judgment was affirmed. (*De Leonis* v. *Walsh*, 140 Cal. 175, [73 Pac. 813].) The plaintiff in the action, Mrs. de Leonis, not being satisfied with the extent of her recovery, moved for a new trial, which being denied, she also appealed. The order was reversed and the cause was remanded for a new trial. (*De Leonis* v. *Walsh*, 145 Cal. 199, [78 Pac. 637].) The action was thereupon retried. The parties stipulated that the first judgment—the one affirmed on the appeal of the defendant in the action—be vacated and set aside and another judgment be entered. The deed executed by Mrs. de Leonis was again ordered set aside, and she was awarded a greater sum of money than was included in the first recovery. No appeal was taken from this judgment.

Some years later, Mrs. de Leonis having died, her son, the executor of her last will and testament, Juan J. Mendendez, was substituted as plaintiff in the action. He almost immediately sold and transferred to this appellant all the rights that he might have in the first decree and judgment, docketed in 1901. It is under this assignment that the appellant is here seeking to carry that judgment into execution.

There is no merit in his contentions. The fact that on the appeal of the original defendant the judgment against him was affirmed did not serve to alter the situation of the parties, which at once arose upon a new trial being ordered by the supreme court, on the appeal of the plaintiff. The proceedings for a new trial were taken prior to the amendment [Stats. 1915, p. 201] of section 659 of the Code of Civil Procedure. They were, therefore, entirely independent of the entry of the judgment, and were properly instituted while the appeal from the judgment was pending. A new trial could have been granted by the lower court, even after the judgment was affirmed on appeal. The decision of the court would then have been vacated, and the judgment dependent upon it would have fallen with it. (*Brison* v. *Brison*, 90 Cal. 323, 327, [27 Pac. 186]; *Houser & Haines Mfg. Co.* v. *Hargrove*, 129 Cal. 90, 91, [61 Pac. 660]; *Kaltschmidt* v. *Weber*, 136 Cal. 675, 677, [69 Pac. 497].) We see no reason for holding that the same result did not follow upon a new trial being granted by the supreme court. Consequently, appellant's claim, under his purported assignment, gives him neither right, nor color of right, to revive a judgment which is legally dead.

The order appealed from is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 25, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 28, 1921.

All the Justices concurred.