[Civ. No. 6465. Second Appellate District, Division Two.—February 2, 1931.]

FRANK GRAVES SASH, DOOR & MILL COMPANY (a Corporation), Appellant, v. ORANGE COUNTY BOND & MORTGAGE CORPORATION (a Corporation), Respondent.

Glen Behymer for Appellant.

No appearance for Respondent.

CRAIG, J.—In accordance with the terms and provisions of a contract in writing between the parties hereto, the plaintiff in this action furnished materials for the construction of certain apartment houses. In an action for the agreed price of the materials plaintiff was denied judgment upon the ground that forty-eight closet beds were thereafter removed from the premises by third parties.

The facts material to this appeal are undisputed. Certain contractors known as Yale Brothers entered into an agreement with Paul R. Machtolff and Masie G. Machtolff to "well and truly erect and construct" two three-story apartment houses, and to "find and provide such good, proper and sufficient materials of all kinds whatsoever as shall be proper and sufficient for completing and finishing" the same. The respondent by separate and independent indentures in writing agreed with appellant in consideration of the latter furnishing to the owners and to the contractors materials for said structures that "conditioned upon the completion of the building on or before six months from date"; it would "irrevocably guarantee payment of material purchased from you for said purpose". All of the materials were delivered and the work was completed within the time specified. A. M. Yale, one of the contractors, testified that thereafter he gave the order for removal of the beds; "in one instance the owner requested me, and in the other instance I was becoming the owner. I was negotiating a purchase; I was the owner to all intents and purposes. . . . Mr. Machtolff requested me to take the beds out of his job, . . . around the latter part of June". The findings of the trial court in this respect recite that "said closet beds were furnished and installed in said premises as required by the plans and specifications for said building, within said six months period, but that said installation thereof

was not in good faith, but that in bad faith said Yale Brothers installed said closet beds within said six months period, but shortly thereafter and before the expiration of said period, . . . the said Yale Brothers in bad faith removed said closet beds from said premises, and that the same have never been replaced therein; that the plaintiff, Frank Graves Sash, Door & Mill Company, had no part in the removal of said beds or in said bad faith on the part of Yale Brothers, no knowledge of the removal thereof, and did not in any way participate in the bad faith of said Yale Brothers; that said beds were among the items of merchandise furnished by said Frank Graves Sash, Door & Mill Company and were by them furnished and were caused to be furnished and installed in good faith, but that by reason of the bad faith of said Yale Brothers with respect to the removal of said beds from said premises almost immediately after the installation thereof, as aforesaid, the court finds that said building was not in good faith completed within six months''.

The evidence and findings bear strong witness to the fact that appellant fulfilled and performed all conditions precedent to its right to compensation for the specified equipment.

Respondent has filed no brief, and we therefore accept the statement of facts contained in appellant's brief as correct. This is related above, and contains no evidence whatever of bad faith of either the plaintiff or the defendant. Since the judgment rendered was based solely upon the quoted finding of bad faith, plaintiff's case is clear, and it follows that the judgment must be reversed.

It is ordered that the judgment be reversed, and that judgment be entered in favor of the plaintiff and appellant.

Works, P. J., and Thompson (Ira F.), concurred.