[Civ. No. 7864. Second Appellate District, Division Two.—July 24, 1933.]

HARRY S. MILLER, Respondent, v. H. B. HENNING, Appellant.

Alfred L. Armstrong for Appellant.

No appearance for Respondent.

CRAIG, J.—An action having for its basis a promissory note of the defendant, payable to the plaintiff's assignor, resulted in a judgment in favor of the plaintiff, from which said defendant appealed.

Following proof of the note and indebtedness, which were not denied, an instrument was offered in support of the allegation that "prior to the commencement of this action the claim sued upon was duly and regularly assigned to the plaintiff herein". Objections were interposed by the defendant that the written assignment had not been pleaded as required by section 447 of the Code of Civil Procedure, which provides that "if the plaintiff relies upon a written instrument, in whole or in part, that fact shall be pleaded". It is argued that to permit the introduction in evidence of a written instrument without allegation according to said section would constitute reversible error. However, since it is not contended that *the fact of assignment* was not pleaded, nor that the offered document was incompetent evidence thereof, such objection was untenable in the instant case. (*Meyer* v. *Foster*, 147 Cal. 166 [81 Pac. 402].)

Letters of the defendant to the payee amounting to admissions and a guarantee of payment "to secure the indebtedness in a manner satisfactory" to the latter were objected to upon the same ground, which objections were

overruled. We are not aided by a brief on behalf of the respondent, and for obvious reasons are unable to consider appropriate argument or citation of authority which the appellant's attack upon the judgment demands. (*Mosher* v. *Johnson*, 51 Cal. App. 114 [196 Pac. 84].) The defendant having affirmatively raised by his answer the question of consideration, it appears that said letters were offered in corroboration of the plaintiff's evidence in support of his pleaded consideration. This being true, they were not written instruments within the domain of the quoted section, but constituted evidence in connection with the documentary basis of the action, which was pleaded *in haec verba*. Hence, objection upon the ground stated by the appellant was properly overruled.

The defendant having testified that he entered into the agreement evidenced by said letter above mentioned and gave his promissory note accordingly, he was asked by his counsel to relate conversations asserted to have transpired, tending to show that said note had been given for another and different purpose. The exclusion of this evidence is assigned as error. In support of such contention is cited *Richardson* v. *Lamp*, 209 Cal. 668 [290 Pac. 14], which was an action upon a promissory note in the principal sum of $1500. However, it there appeared that the plaintiff as agent of another had attempted to sell certain property to a corporation in which the defendants were interested; that the plaintiff induced the defendants to execute their said note for an aggregate of charges for trips and expenses upon the representation that he would not collect the same unless it could be obtained from other persons against whom the defendants had claims for money and damages. It was definitely agreed that the plaintiff would not hold the defendants liable and would collect if at all from others "as additional damages which he alleged he could collect from the said [other persons]". Since said note represented nothing more than damages which the plaintiff proposed to collect from other persons, consideration flowing to the defendants was found wanting. In the instant case the defendant testified that he had agreed in writing to guarantee an indebtedness, that he executed said note in the proper amount; that "the reason for giving his note was the acceptance of this letter", and "it was the only thing I

could do at the time in fulfillment of this letter''. It does not appear that the ruling assigned as error was prejudicial.

The only remaining question arises from exclusion of testimony offered by the defendant in response to questions as to whether or not he did ''obtain anything of value'' or ''receive any consideration'' for said note. The evidence tendered could have constituted no more than conclusions of the witness in denial of his prior testimony, and the objections were properly sustained.

The judgment is affirmed.

Works, P. J., and Archbald, J., *pro tem.*, concurred.