[S. F. No. 14799. In Bank.—November 17, 1933.]

H. P. STOLTENBERG, Respondent, v. JOE HARVESTON et al., Appellants.

Geo. D. Collins, Jr., and M. M. Getz for Appellants.

Dunn, White & Aiken and Hamilton Wright for Respondent.

WASTE, C. J.—In this action in unlawful detainer based upon the terms of a written lease, judgment was entered for the plaintiff for the amount of the rent found unpaid, canceling the lease and restoring plaintiff to possession. The defendants appealed on the judgment-roll alone.

Respondent now moves for a diminution of the record for the purpose of bringing to this court "certified and authenticated excerpts of the testimony and proceedings had upon the trial of the cause and copies of certain writings offered and received in evidence". Generally speaking, the portion of the testimony and proceedings sought to be brought here are alleged to show objections made by plaintiff to certain testimony offered or questions asked touching oral promises or agreements alleged by appellants to have been made by the lessor prior to the time of the execution of the written lease under which the appellants entered into possession of the premises, and certain testimony and exhibits which the respondent contends prove the falsity of the testimony offered in support of the appealing defendants.

In view of the fact that the appeal here is on the judgment-roll alone, respondent cannot secure the relief sought on this motion. No rule is better established in this state than that matters which are not part of the judgment-roll cannot be considered on appeal unless they

408

are embodied in some other record, such as a bill of exceptions, statement of the case or reporter's transcript. When an appeal from a judgment is heard upon the judgment-roll alone, nothing can be assumed or considered that does not appear upon the face of that roll. (See citations in 2 Cal. Jur., pp. 520, 521.) ■ Section 953 of the Code of Civil Procedure has no application to such a situation as that presented by the motion here. It relates to the record on appeal as provided in the three sections of the code immediately preceding, and not to evidentiary matter properly brought up by a bill of exceptions, statement of the case or transcript of testimony.

The motion for diminution of record is denied.

Thompson, J., Curtis, J., Preston, J., Seawell, J., and Shenk, J., concurred.