[Civ. No. 2960.   Fourth Dist.   Jan. 28, 1943.]

WILLIAM C. TARVIN et al., Respondents, v. K. R. DAVEY, et al., Appellants.

W. E. Kalbfleisch and Richard J. Welch, Jr., for Appellants.

Alphonse E. Ganahl for Respondents.

MARKS, J.—This is an appeal from a judgment quieting plaintiffs' title to real property in the city of Corona, in Riverside County, and refusing defendants relief on their cross-complaint.

Counsel appearing for defendants in this court is not the counsel who tried the case, prepared the record on appeal and filed appellants' opening brief.

This case was on the November 17, 1942, calendar of this court. Counsel for plaintiffs had filed no brief but he appeared and made a very short argument. In response to a suggestion by the court that a brief should be filed in behalf of his clients, he asked for and was granted twenty days in which to file a typewritten brief. Although that time expired on December 7, 1942, nothing further has been heard from him and no brief has been filed. What was said in *Zeigler* v. *Bonnell*, 52 Cal.App.2d 217 [126 P.2d 118], is appropriate here:

"Under such circumstances, we are entitled to accept the facts as stated in appellant's brief (Rule V, § 1, of the Rules of the Supreme Court and District Courts of Appeal; *Pendergrass* v. *Axx*, 111 Cal.App. 478 [295 P. 896]; *Frank Graves S. etc. Co.* v. *Orange County Bond & Mtg. Corp.*, 111 Cal.App. 475 [295 P. 859]), and are under no duty to seek out points of law in support of the judgment. . . . This shirking of responsibility on the part of respondent and his counsel should be strongly condemned, imposing as it does an unfair and improper burden on the court. (*Mosher* v. *Johnson*, 51 Cal.App. 114 [196 P. 84]; *Lapique* v. *Walsh*, 51 Cal.App. 191 [196 P. 512].)"

This appeal is on the judgment roll alone. In addition to the judgment roll, the clerk's transcript contains copies of numerous documents which form no proper part of such a record. They were probably introduced in evidence at the trial. There is no certificate by the trial judge. Under these circumstances the only portions of the clerk's transcript which we may consider are the pleadings, the findings, the judgment and the notice of appeal. (*Stoltenberg* v. *Harveston*, 219 Cal. 406 [26 P.2d 833]; *Kwon* v. *Kwon*, 39 Cal. App.2d 232 [102 P.2d 808].)

A study of appellants' brief shows that the principal grounds relied upon for a reversal of the judgment depend upon a consideration of the evidence, and this is not before us. Consequently we have decided to exercise the discretion given us under section 1 of rule V of the Rules for the Supreme Court and the District Courts of Appeal, and consider the case on its merits as presented by the judgment roll and not accept the statement of facts in the opening brief as true.

The complaint contains two counts. The first is in the

usual form found in an action to quiet title. The second count, after repeating most of the allegations of the first cause of action, alleges that on October 14, 1938, the parties executed a written contract whereby plaintiffs agreed to sell to defendants certain real property for $1,700, payable, $150 in cash, the balance in monthly instalments of $16, the first being payable on December 1, 1938, and the remaining instalments on the first day of each month thereafter. The unpaid balance was to draw interest at the rate of 7 per cent per annum. Accrued interest was to be deducted from each monthly payment and the balance credited on the principal.

Time was the essence of the contract and it was agreed that upon default by the buyers the sellers should be relieved of all liability under the contract and the buyers would forfeit all interest therein and to the property and to all moneys paid; that on default the sellers would be entitled to immediate possession of the property.

It was further alleged that the buyers made default in payments commencing with the one falling due September 1, 1939; that on March 1, 1940, the sellers, in writing, demanded possession of the property because of defaults; that the buyers refused to surrender possession and on March 7, 1940, recorded the conditional sales contract and also a declaration of homestead on the property; that in proceedings in the Justice's Court of Temescal Township of Riverside County, defendants were dispossessed and plaintiffs put in possession of the property.

The answer set up the claim of defendants under the conditional sales contract. It was admitted that defendants had failed to make the payments commencing with the one due on September 1, 1939. It was alleged that on January 24, 1940, defendant Davey gave plaintiff a promissory note for $112, due March 1, 1940, and that plaintiffs recovered judgment in the justice's court for $112, plus interest and costs. It was alleged that payments on the contract, including the payment due August 1, 1939, were made by defendants and accepted by plaintiffs after the respective due dates specified in the contract, which led defendants to believe that punctuality in making payments had been waived.

Defendants filed a cross-complaint. The contract was pleaded and the payments under it were alleged, together with the facts upon which waiver of punctuality of payments was claimed. The justice's court judgments were

alleged as were payments alleged to have been made in improving the property. Judgment was asked against plaintiffs in the sum of $439.77.

It was found that the allegations of the complaint were true and that defendants had no interest in the property; that defendants had been evicted and that plaintiffs had possession of the property and had recovered judgment for $112; that the promissory note had been given but had not been paid; that the note was neither given nor accepted as payment of unpaid instalments on the contract; that some changes were made in the property by defendants, but that these changes and alterations had not increased the value of the property; that the conditional sales contract had not been mutually rescinded by the parties.

Judgment was entered for plaintiffs.

When an appeal is taken on the judgment roll alone we must presume that the evidence supported the findings. (*Geneusz* v. *Harrington*, 218 Cal. 760 [25 P.2d 4].) In *Norton* v. *Newerf*, 45 Cal.App. 10 [187 P. 57], it was said:

"The appeal being on the judgment-roll, the only questions to be considered are: 1. Did the complaint state facts sufficient to constitute a cause of action; 2. Are the findings within the issues; 3. Is the judgment supported by the findings; and, 4. Does reversible error concerning a matter of law appear on the face of the record?"

The sufficiency of the complaint to state a cause of action to quiet title cannot be questioned. As it was found that those allegations were true, the findings support the judgment quieting plaintiffs' title to the real property. As the promissory note was not given and accepted in payment of the delinquent instalments, and neither the note nor the instalments were paid, the only effect of the note was to extend the times of payment of the instalments. Other defaults occurred after the due date of the note and before the action was filed, so the action was not prematurely brought. The other findings on the cross-complaint are sufficient to support the judgment that defendants take nothing by it.

It is clear that the findings support the judgment and that they are within the issues.

Defendants seek to attack the judgment of the justice's court under which they were dispossessed urging that it was erroneous. (*Francis* v. *West Virginia Oil Co.*, 174 Cal. 168 [162 P. 394].) No appeal was taken from that judgment and it has long since become final. A consideration of this

question would require us to consider the various documents attached to the clerk's transcript which is not properly certified so the documents are not properly before us. There being no proper record for the consideration of this question we cannot decide it here.

There being no error on the face of the record, the judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.