954

[Civ. No. 3066.   Fourth Dist.   Apr. 5, 1943.]

PALOMAR REFINING COMPANY (a Corporation), Respondent, v. B. H. PRENTICE, Appellant.

B. H. Prentice, in pro. per., for Appellant.

Brittan & Mack for Respondent.

MARKS, J.—This is an appeal from a judgment against defendant in the sum of $377.43 on an open book account.

The complaint in this action was filed August 28, 1940. Defendant appeared by demurrer and also attempted to change the place of trial from Kern County to Los Angeles County. An appeal from the order refusing to change the place of trial was dismissed. (*Palomar Refining Co.* v. *Prentice,* 47 Cal.App.2d 572 [118 P.2d 322].)

Defendant's demurrer to the complaint was overruled and he was given fifteen days in which to answer. Notice of this ruling was served on him by mail on October 31, 1940. He failed to answer and his default was entered on November 20, 1940. Default judgment was taken against him on November 26, 1940. His motion to set aside the default and the default judgment, and to permit him to answer, was granted on February 10, 1941.

Defendant's answer, denying that any sum was owed plaintiff, was filed on March 8, 1941.

The cause was set for trial for January 13, 1942. On December 19, 1941, defendant filed his motion to continue the time of trial to a future date. This motion was granted on

December 22, 1941, and the cause was set for trial for March 2, 1942.

Defendant gave notice of taking the deposition of Seth Turner, an officer of plaintiff, at Boron, California, on February 24, 1942, and obtained a subpoena duces tecum requiring Turner to produce all of the records of plaintiff that pertained to the account sued upon at the time and place set for taking the deposition. Boron is situated on the desert between ninety and one hundred miles from Bakersfield.

Plaintiff moved to quash and recall the subpoena and to change the time and place of taking the deposition. The subpoena was recalled and the place of taking the deposition was changed from Boron to Bakersfield and notice of taking it was shortened to one day prior to February 26th, the date fixed. Notice of this order was served on defendant by mailing it in Bakersfield on February 21, 1942. The order required plaintiff to produce the required records before the notary in Bakersfield. Defendant took no further action and the deposition was not taken.

On February 28, defendant filed the following written request for a further continuance of the trial:

"Defendant, B. H. Prentice, hereby respectfully requests that the trial of the above action as to him, which has been heretofore set for March 2, 1942, at the hour of 10:00 o'clock A.M., of said day, be continued, on the ground that this defendant has been denied the right to have the deposition of an officer of the plaintiff corporation taken prior to trial and has been deprived of the right to properly prepare his defense." This request was supported by a lengthy affidavit made by defendant.

Defendant did not appear either in person or by counsel at the trial. The trial court denied the application for a continuance, took evidence, and rendered judgment for plaintiff. At the close of the evidence the trial court granted the motion of counsel for plaintiff to amend the complaint by interlineation to conform to the proof. The complaint alleged a debt of $361.02 while the evidence showed the correct amount to be $377.43.

Defendant moved to vacate the order denying a continuance and the judgment. This motion was supported by an affidavit of defendant disclosing, for the first time, that he

had appeared as complaining witness in a criminal case in the Justice's Court in Redlands, California, on February 26, 1942; that he had been arrested for violation of the Wage Payment Law of California and had been cited to appear for arraignment before the Municipal Court at San Diego on March 2, 1942; that he did so appear and entered a plea of not guilty.

The motion to vacate the order and judgment was denied. Defendant moved for a new trial, relying on much the same grounds. That motion was also denied and this appeal followed.

Defendant presents numerous grounds upon which he urges a reversal of the judgment. They may be consolidated under the following headings: (1) Purported error in changing the place and time for taking the deposition. (2) Purported error in denying the application for continuance. (3) Purported error in denying the motion to vacate the order denying the continuance and the judgment and in denying the motion for new trial. (4) Purported error in granting the motion to amend the complaint to conform to the proof.

■ The law permits a court to exercise reasonable control over its process, and an order such as we have before us will not be disturbed unless the action taken is unreasonable. (*Hays* v. *Superior Court,* 16 Cal.2d 260 [105 P.2d 975] ; *Patrick Farms, Inc.* v. *Superior Court,* 13 Cal.App.2d 424 [56 P.2d 1283].) The action taken by the trial court seems to us to have been entirely reasonable. The only unreasonable factor about this phase of the case is the attempt of defendant to compel counsel for plaintiff, and one of its officers, to journey far into the California desert with the company books to take this deposition when we may take judicial notice that there are many notaries public in Bakersfield before whom the deposition could have been taken.

■ Defendant's application for a continuance was based solely upon the ground that the deposition of Turner had not been taken. What we have already said would seem to dispose of this matter, as the responsibility for the failure to take the deposition must rest on defendant. Further, it should be noted that in an affidavit filed in support of plaintiff's motion to recall the subpoena, and to change the time and place of taking the deposition, there was an offer to have Turner pro-

duce all the company records pertaining to the transactions with defendant, for inspection and use by defendant at the trial. This affidavit was served on defendant and no good reason is made to appear why defendant could not have made use of these records and have availed himself of the testimony of this witness at that time in support of any defense he might have had. There was no error in denying this application. No prejudice is shown as the books and records were available to defendant. (See, *Patrick Farms, Inc.* v. *Superior Court, supra.*)

We can find no error in denying the various motions made by defendant after the judgment was rendered. The defendant then disclosed, for the first time, that he was a witness in the Justice's Court in Redlands on February 26th, the date set for the deposition; and that he had to be present in the Municipal Court in San Diego on March 2nd to enter a plea in a criminal case brought against him. There is no suggestion that he made any effort to have the dates of either of these other proceedings changed or that he would have been unsuccessful had he done so. He made his own choice of the forums in which he desired to appear without disclosing the actual facts to the court below until after judgment had gone against him. The trial court should be vested with a reasonable discretion in passing on motions made on these grounds, and we can see no breach of discretion in the action taken here. It must have occurred to the trial court, as it occurs to us, that defendant had succeeded in postponing the finality of a small but apparently just judgment against him for a long time.

There was no error in permitting plaintiff to amend its complaint to conform to the proof. Permitting such an amendment is within the discretion of the trial court and there was no abuse of discretion here.

There is another compelling reason why the judgment must be affirmed. Practically all of the documents relied on by defendant for a reversal of the judgment are contained in the clerk's transcript which is not certified to by the trial judge. They form no proper part of the clerk's transcript so there is really no record before us to support the various arguments made by defendant. (*Stoltenberg* v. *Harveston,* 219 Cal. 406 [26 P.2d 833]; *Kwon* v. *Kwon,* 39 Cal.App.2d 232 [102 P.2d 808]; *Tarvin* v. *Davey,* 56 Cal.App.2d 846 [133

P.2d 844].) Regardless of this fact, we have considered the various points presented by defendant as he is appearing here in propria persona as he did in the court below, and is not represented by counsel. We deem it the wise course to decide the case on its merits as well as on the technical ground of the insufficient record so that defendant may not feel that he has been deprived of his day in court by his own lack of knowledge of proper appellate procedure.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 3, 1943.