[Civ. No. 7061.   Third Dist.   Oct. 13, 1944.]

WILLIAM A. GREER et al., Plaintiffs; ANNA GREER, Respondent, v. GEORGE H. FREITAS et al., Appellants.

Hoge, Pelton & Gunther, Hawkins & Hawkins and J. Lee Robertson for Appellants.

Edward T. Taylor and Leslie A. Clary for Respondent.

ADAMS, P. J.—Plaintiffs brought this action to recover general and special damages alleged by them to have resulted from a collision between an automobile driven by plaintiff William A. Greer, with whom his daughter, Anna Greer, was riding as a guest, and one driven by defendant George H. Freitas but owned by M. Elizabeth Freitas, his wife. The jury returned a verdict in favor of defendants and against the plaintiffs. Plaintiffs moved for a new trial and the motion was denied as to William A. Greer but granted as to Anna Greer. The order granting such new trial reads: ''The motion for New Trial in the above entitled case having been heretofore submitted to the Court on the

21st day of Jan. 1943, and after due consideration thereof, it is ordered that the motion for new trial by the plaintiff, William A. Greer, be and the same is hereby denied; that the motion for new trial by the plaintiff, Anna Greer, be and the same is hereby granted.''

Defendants appealed from the foregoing order and within the time prescribed by law served and filed their opening brief. No brief has been filed by respondent Anna Greer nor has she suggested any theory upon which the order may be sustained. The order itself does not show the grounds upon which it was granted. This court is, therefore, put to the task, if it will undertake it, of searching through the record and speculating as to what alleged errors relied upon by plaintiffs as grounds for a new trial induced the trial court to grant a new trial as to Anna Greer, and to her alone. Appellate courts are not required to assume that burden. While there are other cases on the subject, *Zeigler* v. *Bonnell*, 52 Cal. App.2d 217, 218 [126 P.2d 118], most emphatically states the rules as follows:

''Although given ample opportunity to do so, respondent has filed no brief on this appeal, nor has he or his counsel suggested any theory upon which the judgment may be sustained. Under such circumstances, we are entitled to accept the facts as stated in appellant's brief (Rule V, § 1, of the Rules of the Supreme Court and District Courts of Appeal; *Pendergrass* v. *Axx*, 111 Cal.App. 478 [295 P. 896]; *Frank Graves S. etc. Co.* v. *Orange County Bond & Mtg. Corp.*, 111 Cal.App. 475 [295 P. 859]), and are under no duty to seek out points of law in support of the judgment. We are entitled to assume that respondent has abandoned any attempt to support the judgment. (*Duisenberg-Wichman & Co.* v. *Johnson*, 123 Cal.App. 125 [10 P.2d 1010]; *Doud* v. *Jackson*, 102 Cal.App. 213 [283 P. 107].) This shirking of responsibility on the part of respondent and his counsel should be strongly condemned, imposing as it does an unfair and improper burden on the court. (*Mosher* v. *Johnson*, 51 Cal.App. 114 [196 P. 84]; *Lapique* v. *Walsh*, 51 Cal.App. 191 [196 P. 512].)''

Plaintiffs' notice of motion for a new trial stated the following grounds only: (1) insufficiency of the evidence to justify the verdict; (2) that the verdict is against law; (3) ''illegality'' in the proceedings of the jury by which the plaintiffs were prevented from having a fair trial; (4) errors

in law occurring at the trial and excepted to by the plaintiffs.

Section 657 of the Code of Civil Procedure provides that when a new trial is granted upon the ground of the insufficiency of the evidence to sustain a verdict, the order shall so specify in writing, and that when such order does not so state it will be conclusively presumed on appeal that the order was not based upon that ground. Since the order in this case did not so specify, we must conclude that the trial court did not grant the new trial because of insufficiency of the evidence, and that it considered the evidence sufficient to sustain the verdict as to both plaintiffs. We might speculate that the trial court considered that a new trial should be denied plaintiff William A. Greer because there was sufficient evidence to show that he was negligent, but that his negligence was not imputable to Anna Greer who was merely a guest in his car, and that she should be granted a new trial because the court was not satisfied that the evidence showed that defendant Freitas was without negligence. But the failure of the court to state in its order that insufficiency of the evidence was the ground upon which the new trial was granted compels the conclusion by this court that such was not the basis for its order.

Likewise we must assume that the new trial was not granted upon the third ground above stated, since section 658 of the Code of Civil Procedure requires that application for a new trial on such ground must be made upon affidavits, and none were filed.

The second and fourth grounds of the motion may be considered together. There being no brief in behalf of respondent, we are not advised as to why and in what respects, if at all, plaintiffs contended before the trial court that the verdict was against law. It is said in *Mosekian* v. *Ginsberg*, 122 Cal.App. 774, 776 [10 P.2d 525], that the expression ''against law'' as used in section 657 of the Code of Civil Procedure relates to matters which may furnish a reason for the reexamination of an issue of fact. Insufficiency of the evidence might, we assume, furnish a reason for reexamination of an issue of fact; but in the case before us, the trial court plainly did not grant the new trial on that ground. And if the new trial was granted because the court thought the verdict was against law because of errors committed during the course of the trial, we have not been enlightened as to what

were deemed to be such errors; and it would seem, also, that errors of law justifying a new trial as to Anna Greer would have justified a new trial as to her coplaintiff.

However, we have examined the record including the testimony, the rulings of the court and the instructions, and find no such errors. Our conclusion is that the trial court erred in granting a new trial to plaintiff Anna Greer. Its order granting such new trial·is, therefore, reversed with orders to enter judgment for defendants in conformity with the verdict of the jury.

Thompson, J., and Peek, J., concurred.