**JAMESTOWN TERMINAL ELEVATOR, INC., Plaintiff and Appellant,**

v.

**Herbert KNOPP, Defendant and Appellee.**

Civ. No. 9228.

Supreme Court of North Dakota.

Oct. 15, 1976.

Nilles, Hansen, Selbo, Magill & Davies, Fargo, for plaintiff and appellant; argued by Stephen W. Plambeck, Fargo.

Hjellum, Weiss, Nerison, Jukkala & Vinje, Jamestown, for defendant and appellee; argued by Gerald W. Jukkala, Jamestown.

ERICKSTAD, Chief Justice.

This appeal is from an order of the Stutsman County District Court quashing a levy and execution and forbidding the sheriff from offering for sale certain real property located in that county. The issue on appeal is whether a judgment lien on the property of a joint tenant may be enforced subsequent to the death of the judgment debtor.

A judgment was entered and docketed on October 1, 1974, in Stutsman County District Court, in favor of Jamestown Terminal Elevator, Inc. and against Herbert Knopp. Mr. Knopp died unexpectedly on November ·

5, 1974, leaving no estate to probate. All his property had been held in joint tenancy with his wife Rachel, and had been so held since its acquisition. On January 27, 1976, a Writ of Execution was issued to the Sheriff of Stutsman County by the Clerk of District Court of that county. Pursuant to this Writ, on January 28, 1976, the sheriff levied upon certain real property in Stutsman County which Herbert and Rachel Knopp had held in joint tenancy on the date the judgment for the elevator was docketed.

On April 9, 1976, following a motion by Rachel Knopp, the Honorable M. C. Fredricks, Judge of the Fourth Judicial District Court, found that, upon Herbert Knopp's death, the joint tenancy property passed to Rachel "free of all claims of creditors" and ordered that the levy and execution be quashed and the sheriff be prohibited from offering the property for sale.

■ A surviving joint tenant obtains the deceased joint tenant's interest in jointly held real property, not from the deceased joint tenant's estate, but by reason of the original joint tenancy deed. *Schlichenmayer v. Luithle*, 221 N.W.2d 77, 83 (N.D.1974); *In Re Kaspari's Estate*, 71 N.W.2d 558, 564 (N.D.1955).

■ A joint tenancy may be described as a life estate with each joint tenant having a contingent remainder in fee—the contingency being based upon survival of the other joint tenant or tenants. *Ziegler v. Bonnell*, 52 Cal.App.2d 217, 126 P.2d 118, 119 (1942). As this right of survivorship stems from the original conveyance in joint tenancy, it is a right prior in time to a creditor's judgment lien. It is a right of which there is notice, presuming the joint tenancy deed is properly recorded. Section 47–19–45, N.D.C.C. The right of survivorship is in the whole interest conveyed by the original joint tenancy deed, not merely in the deceased joint tenant's moiety. This concept may perhaps be clarified by referring to Blackstone:

"   .   .   .   The interest of two joint tenants is not only equal or similar, but

also is one and the same. One has not originally a distinct moiety from the other; but, if by any subsequent act (as by alienation or forfeiture of either) the interest becomes separate and distinct, the joint tenancy instantly ceases. But, while it continues, each of two joint tenants has a concurrent interest in the whole; and therefore, on the death of his companion, the sole interest in the whole remains to the survivor. For the interest, which the survivor originally had, is clearly not devested by the death of his companion; and no other person can now claim to have a *joint* estate with him, for no one can now have an interest in the whole, accruing by the same title, and taking effect at the same time as his own; neither can anyone claim a *separate* interest in any part of the tenements, for that would be to deprive the survivor of the right which he has in all, and every part. As, therefore, the survivor's original interest in the whole still remains; and as no one can now be admitted, either jointly or severally, to any share with him therein, it follows that his own interest must now be entire and several and that he shall alone be entitled to the whole estate (whatever it be) that was created by the original grant." 2 W. Blackstone, *Commentaries* *184–185.

■ Severance of a joint tenancy interest in real property may be accomplished by partition. *In Re Larendon's Estate*, 439 Pa. 535, 266 A.2d 763, 42 A.L.R.3d 1107 (1970); *Underwood v. Otwell*, 269 N.C. 571, 153 S.E.2d 40 (1967). Severance may be accomplished also by alienation. *Schimke v. Karlstad*, 87 S.D. 349, 208 N.W.2d 710 (1973); *Keokuk Savings Bank & Trust Co. v. Desvaux*, 259 Iowa 387, 143 N.W.2d 296 (1966). Sale under execution upon a judgment lien will likewise sever the joint tenancy. *Frederick v. Shorman*, 259 Iowa 1050, 147 N.W.2d 478 (1966); *In Re King's Estate*, 261 Wis. 266, 52 N.W.2d 885 (1952); *Rauer's Collection Co. v. Higgins*, 87 Cal.App.2d 248, 196 P.2d 803 (1948).

■ The crucial issue in this case is whether a judgment lien against a joint tenant's interest in real property is, of itself, sufficient to operate as a severance of the joint tenancy. We hold that it is not.

■ It is our view that since the judgment debtor died before the sale under execution of his interest in the joint tenancy estate, his surviving joint tenant became the sole owner of the real property. This results from the nature of a joint tenancy estate. *Ziegler v. Bonnell, supra; Musa v. Segelke & Kohlhaus Co.*, 224 Wis. 432, 272 N.W. 657 (1937); 48 C.J.S. *Joint Tenancy* § 4, p. 928 (1947); 20 Am.Jur.2d *Cotenancy and Joint Ownership* § 21, p. 115 (1965).

■ The surviving joint tenant does not take the interest of the deceased joint tenant; rather, the contingent remainder vests in the survivor because the contingency (survival of the cotenant) has been met. The deceased joint tenant had, essentially, a life estate which no longer exists, a power in himself and his judgment creditor to sever which was never exercised and lapsed upon death, and a contingent remainder which never vested. *See Ziegler v. Bonnell, supra*; Blackstone, *supra*.

■ The elevator claims that the joint tenancy property should be available to the judgment creditor subsequent to the death of the judgment debtor because of Section 28–20–06(1), N.D.C.C. which reads:

"If judgment has been rendered against a person who thereafter dies:

"1. The judgment may be enforced by execution against *any real property of the decedent* upon which it had become a lien prior to his death, but no such execution shall issue until after the expiration of one year from the death of the judgment debtor;" (Emphasis supplied.)

The facts we have before us are nearly identical to those in the Wisconsin case of *Musa v. Segelke & Kohlhaus Co., supra*. In that case, the judgment creditor claimed that its rights in joint tenancy property, under a judgment lien, were not to be defeated by the death of the judgment debtor, relying upon the following statute:

"After the expiration of one year from the death of a judgment debtor *execution may be issued against any property upon which the judgment is a lien, and may be executed in the same manner and with the same effect as if he were still living*; but no such execution shall issue except upon an order, made upon sufficient cause shown. If such judgment be against such deceased debtor and others jointly execution may issue against surviving judgment debtors without delay. [1935 c. 541 s. 227]" Wis.Stat. § 272.14 (1935). (Emphasis supplied.)

Although the above emphasized language in Wis.Stat. § 272.14 (1935) seems to be even more inclusive than the phrase "any real property of the decedent" in Section 28–20–06(1), N.D.C.C., the Wisconsin Supreme Court held that, upon the death of the judgment debtor, no interest remained upon which the creditor could enforce its judgment by execution.

North Dakota's statute must be interpreted with reference to the intent of the North Dakota Legislature in adopting it.

While some states have statutorily abolished the right of survivorship, our legislature has specifically recognized the estate in joint tenancy. Our legislature has distinguished between "joint tenancy interests" and "interests in common":

"A joint interest is one owned by several persons in equal shares by a title created by a single will or transfer, when expressly declared in the will or transfer to be a joint tenancy, or when granted or devised to executors or trustees as joint tenants." § 47–02–06, N.D.C.C.

"An interest in common is one owned by several persons not in joint ownership or partnership. Every interest created in favor of several persons in their own right is an interest in common, unless acquired by them in partnership for partnership purposes, or unless declared in its creation to be a joint tenancy." § 47–02–08, N.D.C.C.

In *In Re Kaspari's Estate, supra*, 71 N.W.2d at p. 564, quoting 48 C.J.S. *Joint Tenancy* § 1 b, p. 910, this court said that

the right of survivorship is the distinctive characteristic of such a tenancy.

Counsel for the elevator points out that a statute must "be construed liberally, with a view to effecting its objects and to promoting justice." Section 1–02–01, N.D.C.C. But the question still remains—What are the objectives of Section 28–20–06(1)? We believe that those objectives must be considered in light of the recognition on the part of the legislature of different interests in property.

Since the joint tenancy was never severed and since Herbert Knopp did not survive his cotenant, the only interest that ever vested in him was a life estate.

The elevator argues that Section 28–20–06(1) should be construed in light of subsection 2 of that same section, which reads:

"2. If execution was *actually levied* prior to his death upon personal property, such property may be sold to satisfy the execution, and the officer making the sale shall account to the personal representative for any surplus remaining in his hands;" (Emphasis supplied.) § 28–20–06(2), N.D.C.C.

The elevator contends that since that subsection requires a levy prior to death to permit sale of the personal property after death to satisfy the debt, it follows that since this was not specified in conjunction with real property, that sale under execution of the joint tenant's interest need not precede a cotenant's death to permit sale of the cotenant's interest after death to satisfy the cotenant's debt. The reason personal property must be levied upon in order to preserve this power is that a levy is necessary for a lien to attach to personal property, while merely docketing the judgment creates a lien on real property. *Finch, Van Slyck & McConville v. Jackson*, 57 N.D. 17, 220 N.W. 130 (1928); *Winslow v. Klundt*, 51 N.D. 808, 201 N.W. 169 (1924).

In light of the fact that the estate in joint tenancy, along with its peculiar characteristics, was recognized in common law, and has been statutorily recognized in

North Dakota since statehood, and joint tenancies have been widely utilized in this state, we are reluctant to find that Section 28–20–06(1), N.D.C.C., without explicit reference to joint tenancies, was meant to alter the nature of that estate.

For the reasons stated herein, the order appealed from is affirmed.

SAND, PAULSON, PEDERSON and VOGEL, JJ., concur.