BILL LOCKYER Attorney General SUSAN DUNCAN LEE Deputy Attorney General
THE HONORABLE JEFF DENHAM, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:
May a partner in a law firm who holds a California real estate broker's license represent the seller of real property in a transaction in which the seller agrees to pay the law firm a real estate brokerage commission in lieu of an hourly fee for legal services rendered in connection with the sales transaction?
 CONCLUSION
A partner in a law firm who holds a California real estate broker's license may represent the seller of real property in a transaction in which the seller agrees to pay the law firm a real estate brokerage commission in lieu of an hourly fee for legal services rendered in connection with the sales transaction, provided that no one in the firm who does not hold a real estate broker's license performs any act for which a license is required.
 ANALYSIS
The Real Estate Law (Bus. Prof. Code, §§ 10000-10580)[1] requires a real estate broker to hold a license issued by the Department of Real Estate. Section 10130 provides in part: "It is unlawful for any person to engage in the business, act in the capacity of, advertise or assume to act as a real estate broker or real estate salesman within this state without first obtaining a real estate license from the department." As stated in Preach v. Monter Rainbow (1993)12 Cal.App.4th 1441, 1455: "The purpose of the real estate licensing statutes is to protect the public from the perils incident to dealing with incompetent or untrustworthy real estate practioners. [Citations.]"
We are asked to determine whether a real estate broker who is a partner in a law firm may represent the seller of real property in a transaction in which the seller agrees to pay the law firm a real estate brokerage commission in lieu of an hourly fee for legal services rendered in connection with the transaction. We conclude that the law firm may be paid the commission in the described circumstances.
A "real estate broker" is defined in section 10131 as follows:
 "A real estate broker within the meaning of this part is a person who, for a compensation or in expectation of a compensation, regardless of the form or time of payment, does or negotiates to do one or more of the following acts for another or others:
 "(a) Sells or offers to sell, buys or offers to buy, solicits prospective sellers or purchasers of, solicits or obtains listings of, or negotiates the purchase, sale or exchange of real property or a business opportunity.
 "(b) Leases or rents or offers to lease or rent, or places for rent, or solicits listings of places for rent, or solicits for prospective tenants, or negotiates the sale, purchase or exchange of leases on real property, or on a business opportunity, or collects rents from real property, or improvements thereon, or from business opportunities.
 "(c) Assists or offers to assist in filing an application for the purchase or lease of, or in locating or entering upon, lands owned by the state or federal government.
 "(d) Solicits borrowers or lenders for or negotiates loans or collects payments or performs services for borrowers or lenders or note owners in connection with loans secured directly or collaterally by liens on real property or on a business opportunity.
 "(e) Sells or offers to sell, buys or offers to buy, or exchanges or offers to exchange a real property sales contract, or a promissory note secured directly or collaterally by a lien on real property or on a business opportunity, and performs services for the holders thereof."
A real estate broker may not compensate an unlicensed person to perform acts for which a license is required. Section 10137 states in part:
 "It is unlawful for any licensed real estate broker to employ or compensate, directly or indirectly, any person for performing any of the acts within the scope of this chapter who is not a licensed real estate broker, or a real estate salesman licensed under the broker employing or compensating him; provided, however, that a licensed real estate broker may pay a commission to a broker of another State."
If an unlicensed person performs an act for which a real estate license is required, the entire fee arrangement is invalid, not only as to the unlicensed person, but as to the licensee as well. (Haas v. Greenwald (1925) 196 Cal. 236, 247; Preach v. MonterRainbow, supra, 12 Cal.App.4th at pp. 1455-1456; Wise v. Radis
(1925) 74 Cal.App. 765, 774.) Under section 10137, a real estate licensee who enters into an unlawful compensation arrangement is subject to revocation or forfeiture of his or her real estate license; a person who acts as a real estate broker or salesman without a license is subject to a fine, jail term, or both (§ 10139).
While a partnership may engage in real estate brokerage services, every member of the partnership who performs acts requiring a real estate license must hold such a license. Section 10137.1 states:
 "Nothing contained in [the Real Estate Law] shall preclude a partnership from performing acts for which a real estate broker license is required, provided every partner through whom the partnership so acts is a licensed real estate broker."
Section 10157 additionally provides: "No real estate license gives authority to do any act specified in this chapter to any person, other than the person to whom the license is issued." (See Preach v. Monter Rainbow, supra, 12 Cal.App.4th at p. 1456.)
Here, the partner in the law firm who holds a real estate broker's license may perform whatever acts are authorized by the license. Those in the law firm who do not have real estate licenses may not perform any acts for which such a license is required. In these circumstances, may a real estate brokerage commission be paid not to the partner who is the broker but rather to the law firm as a whole? The answer to this question depends upon the types of services, if any, that the unlicensed persons in the firm will be performing in connection with the sales transaction.
The Real Estate Law does not preclude a real estate broker from sharing a commission with a person who does not perform any act for which a license is required. For example, a "finders fee" may be paid to an unlicensed person. (Preach v. Monter Rainbow,supra, 12 Cal.App.4th at p. 1452; Zappas v. King WilliamsPress, Inc. (1970) 10 Cal.App.3d 768, 772; 78 Ops.Cal.Atty.Gen. 71, 73-77 (1995).)
Moreover, under the Real Estate Law, an attorney is specifically exempt from the requirement of holding a real estate license when he or she is rendering legal services to a client. Section 10133 states in part:
 "(a) The acts described in Section 10131 are not acts for which a real estate license is required if performed by:
". . . . . . . . . . . . . . . . . . . . . . . . . .
 "(3) An attorney at law in rendering legal services to a client.
". . . . . . . . . . . . . . . . . . . . . . . . . .
An attorney may thus review and prepare real estate documents, give advice on a real estate transaction, and negotiate the terms of a lease or sale of real property, without violating the provisions of the Real Estate Law. (Queen of Angels Hospital v.Younger (1977) 66 Cal.App.3d 359, 373-375; Provisor v. HaasRealty, Inc. (1967) 56 Cal.App.2d 850, 856.)[2]
Here, the professional staff members of the law firm who do not have real estate licenses may perform legal services, such as providing estate planning advice in structuring the transaction. (§ 10133, subd. (a)(3); Queen of Angels Hospital v. Younger,supra, 66 Cal.App.3d at p. 375.) They may, of course, also perform other acts for which a license is not required. Additionally, the Real Estate Law specifically exempts from licensure "any stenographer, bookkeeper, receptionist, telephone operator or other clerical help in carrying out their functions as such. (§ 10133.2.) Accordingly, the professional and clerical staff of the law firm who do not have real estate licenses may perform various acts for which a license is not required. (§ 10137.1.) Finally, the payment of a real estate commission in lieu of an hourly rate for legal services rendered does not contravene California law. (Queen of Angels Hospital v. Younger,supra, 66 Cal.App.3d at pp. 373-375.)[3]
We conclude that a partner in a law firm who holds a California real estate broker's license may represent the seller of real property in a transaction in which the seller agrees to pay the law firm a real estate brokerage commission in lieu of an hourly fee for legal services rendered in connection with the sales transaction, provided that no one in the firm who does not hold a real estate broker's license performs any act for which a license is required.
[1] All further references to the Business and Professions Code are by section number only.
[2] The practice of law "`includes legal advice and counsel and the preparation of legal instruments and contracts by which legal rights are secured. . . .' [Citations.]" (In re Utz
(1989) 48 Cal.3d 468, 483, fn. 11.)
[3] The dual representation of a client as both lawyer and real estate broker may, in particular circumstances, raise a number of related ethical and legal issues. (See, e.g., §§ 6068, subd. (e) [confidential communication with client], 6147 [contingency fee contract with client]; Rules Prof. Conduct, rule 1-320 [financial arrangement with non-lawyer], rule 1-400 [advertising and solicitation], rule 3-300 [avoiding interest adverse to client], rule 4-200 [fee for legal service]; State Bar Com. on Prof. Responsibility and Conduct, Op. No. 1999-154 (1999) [responsibility of attorney performing both legal and non-legal professional services for client]; State Bar Com. on Prof. Responsibility and Conduct, Op. No. 1995-141 (1995) [same]; State Bar Com. on Prof. Responsibility and Conduct, Op. No. 1982-69 (1982) [responsibility of attorney performing both legal and real estate broker services for client].) These issues must be addressed on an individual basis and are beyond the scope of this opinion.